[Civ. No. 8347. First Appellate District, Division Two.—June 9, 1932.]

CATALINA BALERO et al., Respondents, v. THOMAS B. LITTELL, Appellant.

Fry & Jenkins for Appellant.

Maurice J. Rankin, Frank J. Waterhouse and Randall O'Neill for Respondents.

STURTEVANT, J.—As the surviving widow and minor children of the decedent John Balero, the plaintiffs commenced an action to recover damages for his death. The defendant answered and the action was tried before the trial court sitting with a jury. The jury returned a verdict in favor of the plaintiffs and from the judgment entered thereon the defendant has appealed. After the action had been tried the entire record was burned in the fire that destroyed the courthouse at San Jose. The parties have stipulated to a copy of the judgment-roll and have stipulated to the facts constituting a bill of exceptions. On the record so made up this appeal was taken.

After the evidence was taken counsel made their arguments and thereafter the court instructed the jury. It gave numerous instructions tendered by the parties. Thereafter the trial court added some oral instructions. The defendant claims that said oral instructions were prejudicially erroneous. The proceedings were as follows:

"By the Court: . . . If nine of you, when you retire for deliberation, should conclude that this deceased was guilty of contributory negligence in this case, which proximately contributed to what happened in this accident, that ends the case, plaintiffs cannot recover and you will decide in favor of the defendant. If, however, nine of you cannot agree, or will not agree, that the decedent was guilty of contributory negligence, then you must proceed to assess pecuniary damages that plaintiffs are entitled to receive along the line I have read to you in these instructions.

"By Mr. Rankin: May I interrupt and ask the Court to explain to the jury that negligence on the part of the defendant must be established by a preponderance of evidence before the plaintiffs can be given a verdict?

"By the Court: Yes. Of course you will not assess any damages against the defendant unless you conclude that the defendant in operating his car in a negligent manner as described to you in these instructions was guilty of negligence which contributed proximately to the accident; that

must be established by you. If you think that neither was guilty of negligence and that this happened to be a mere accident that no one could prevent, then plaintiffs cannot recover.'' It will be conceded at once that the expression, ''If, however, nine of you cannot agree or will not agree . . . '' was an unhappy one and that the verb ''do'' should have been selected instead of the auxiliaries that were used. But the defendant makes a further objection. He contends the instructions were entirely misleading. To weigh the force and effect of the oral instructions let us apply them. We will assume that the instructions were followed just as they were given, that the jury took up first the issue of contributory negligence and the vote stood as follows: Jurors one, two, three, four, five, six, seven and eight voted that contributory negligence was proved and jurors nine, ten, eleven and twelve voted that contributory negligence was not proved; not being agreed, the jury then took up the issue of the defendant's negligence and the vote stood as follows: Jurors one, two and three voted that the defendant's negligence had not been proved; jurors four, five, six, seven, eight, nine, ten, eleven and twelve voted that the defendant's negligence had been proved; that the jury then took up the issue of damages and assessed the amount; and that the jury thereupon brought in a verdict for the plaintiffs for the amount so assessed. It will thus appear that the verdict, as rendered, did not portray the minds of the jurors because eight found that contributory negligence had been proved whereas a sound verdict required that nine jurors should have found that contributory negligence had not been proved. Nevertheless, the jurors followed the instruction complained of. In finding for the plaintiffs it was not enough that the jury should find the defendant was negligent. Under the issues the same jurors were also bound to find that the decedent was not guilty of contributory negligence. The verdict rendered under the assumed facts was sound as to jurors nine, ten, eleven and twelve. It was only half sound as to jurors four, five, six, seven and eight. They found the defendant was negligent and they also found the deceased was negligent. Under such findings their verdict should have been for the defendant. As to jurors one, two and three, the verdict was directly opposed to their votes, but their votes were not necessary if the other jurors had all been entirely

agreed. It therefore appears that the method of procedure to be followed by the jury in its deliberations was erroneously stated by the trial court.

Acting upon the request of the defendant, the trial court gave an instruction as follows: "In other words, if you shall find from a preponderance of the evidence that the defendant was negligent in the driving of his car, but that the deceased, John Balero, was also negligent and that the negligence of the deceased proximately contributed in the slightest degree with the negligence of the defendant to bring about the accident, then I instruct you that your verdict must be for the defendant and against the plaintiffs." That was a correct instruction but it will be noted that the oral instruction conflicted therewith in so far at it authorized jurors four, five, six, seven and eight to base their verdict on the negligence of the defendant although they were of the opinion that the deceased was also negligent.

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.