[Civ. No. 10712. First Appellate District, Division One.—April 26, 1938.]

OSCAR NELSON, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Carlton D. Dethlefsen and C. F. Eschwig for Petitioner.

Leo R. Friedman for Respondent.

KNIGHT, J.—The petitioner, Oscar Nelson, seeks a writ of mandate to compel the respondent court to enter judgment in conformity with the verdicts of a jury rendered in his favor in an action brought by him against J. A. Bried for the recovery of damages for an alleged malicious prosecution.

The proceedings leading up to the application for the writ were these: Bried swore to a criminal complaint accusing Nelson of having stolen $825; and subsequently Nelson sued Bried for malicious prosecution. At the trial of the latter action, the jury was given a number of instructions upon the law of probable cause, wherein it was informed in substance, among other things, that before it could render a general verdict against Bried holding him liable for 'the payment of damages, it would be necessary for the jury to find as a fact that at the time he swore to the criminal complaint against Nelson he did not believe that Nelson had committed the theft with which he was therein charged; furthermore, the court stated that such issue of fact would be submitted to the jury in the form of a special verdict. Accordingly, the jury returned a special and a general verdict. Both were in favor of Nelson, the jury by its general verdict having assessed his damages in the sum of $4,500. A second special verdict, embodying another question of fact was also returned in Nelson's favor, but it is not here involved.

Upon the return of said verdicts, counsel for Bried requested that the jury be polled on each of said verdicts; and in response to the question propounded by the clerk to each of the twelve jurors as to whether each of said verdicts was his or her verdict, there were nine affirmative and three negative answers; whereupon the jury was discharged. Immediately thereafter counsel for Bried moved for an order setting aside the verdicts and declaring a mistrial. The ground of the motion was that only eight of the nine jurors who had joined in the general verdict had voted in favor of the special verdict upon which the general verdict was dependent. In this connection the poll revealed the following situation: Eight jurors voted consistently in favor of both verdicts, and two voted consistently against both verdicts; the eleventh member voted against the special verdict, but in favor of the general verdict; and the twelfth member voted in favor of the special verdict, but against the general verdict. Pending a determination of the motion the trial court withheld the entry of judgment; and later an order was made declaring a mistrial.

The question to be decided is, therefore, whether in a case such as this, where the rendition of a general verdict

is made dependent upon the result of a special verdict, and each verdict receives the concurrence of only nine jurors, judgment must be entered pursuant to and in accordance with said verdicts, notwithstanding that it appears from the poll of the jury that only eight of the group of nine who voted in favor of the general verdict agreed to the special verdict.

Evidently there has been no previous ruling in this state upon the precise question so presented. But a situation which appears to be quite analogous to the present one was brought before the Supreme Court in the case of *Earl* v. *Times-Mirror Co.,* 185 Cal. 165 [196 Pac. 57], and the decision therein would seem to sustain the trial court's ruling herein. It was an action for damages for an alleged libel, and the jury returned two verdicts. The first contained a finding in plaintiff's favor on the merits, and assessed his compensatory damages in the sum of $25,000. Nine jurors concurred therein. The other was an award of punitive damages in the sum of $5,000, and ten jurors concurred therein. Judgment was entered in plaintiff's favor for the amount of both verdicts. But on the appeal it was held that the portion of the judgment founded on the verdict for punitive damages was void, because it appeared from the poll of jurors that such verdict had received the concurrence of only seven of the nine jurors who had agreed upon and returned the general verdict, upon which the verdict for punitive damages necessarily depended. In the case now before us, the poll shows, as stated, that only eight of the nine jurors who returned the general verdict against Bried concurred in the special verdict upon which the general verdict necessarily depended; and that being so, it would seem that under the ruling of the Times-Mirror case, *supra,* the trial court was justified in holding that judgment could not be entered on the general verdict.

However, irrespective of the question of the controlling effect of the ruling in that case, the identical situation here presented has been definitely passed upon by the courts of the state of Wisconsin, which operates under statutory provisions similar to ours respecting the submission of special verdicts and the procedure to be followed upon the rendition of verdicts, including the polling of the jury; except that there ten members, or five-sixths of the jury, instead of nine,

or three-fourths, as here, may return a verdict. And the doctrine there established and followed is substantially this: That while under the statutory provisions it is within the province of the jury to return any verdicts, general or special, upon which any ten of its members have agreed, the matter of the entry of judgment on the verdicts so returned rests with the court; and that in such cases, if it appears from the poll of the jury that the ten members who have returned the general verdict declaring liability and awarding damages are not the same ten who have returned the special verdicts, and such special verdicts embody interrogatories, the answers to which are essential to establish liability and support a judgment, there is a mistrial, and judgment cannot be entered on said verdicts. (*Guth* v. *Fisher,* 213 Wis. 323 [251 N. W. 223]; *Christensen* v. *Petersen,* 198 Wis. 222 [222 N. W. 231, 223 N. W. 839]; *Will* v. *Chicago, M. & St. P. Ry. Co.,* 191 Wis. 247 [210 N. W. 717]; *Fraundorf* v. *Schmidt,* 216 Wis. 158 [256 N. W. 699].) The reasoning upon which the above doctrine is based is obviously sound, and there would appear to be no sufficient legal ground upon which its rejection here could be reasonably justified. In no other jurisdiction, so far as our attention has been called, has the point under consideration been decided.

The case of *Bullock* v. *Yakima Valley Transp. Co.,* 108 Wash. 413 [184 Pac. 641, 645, 187 Pac. 410], from the state of Washington, cited by petitioner, does not touch the point at issue here, because it does not deal with the matter of entry of judgment. Nor is there anything stated therein which conflicts with the Wisconsin decisions. All that was held in the Washington case was that it was not error for the trial court to instruct the jury that it could return any special verdict upon which any ten of its members might agree. The decision did not purport to state the nature of the interrogatories embodied in said special verdicts, nor whether the answers to any of them were essential to establish liability. It does not even appear that the jury therein was polled; nor in fact is there any definite declaration in the decision showing that said special verdicts referred to therein did not receive the full concurrence of all twelve members of the jury.

Petitioner calls attention also to the concluding portions of section 618 of the Code of Civil Procedure, which provide:

"If upon such . . . polling, more than one-fourth of the jurors disagree thereto, the jury must be sent out again, but if no such disagreement be expressed, the verdict is complete and the jury discharged from the case;" and such being the law petitioner contends that the verdicts rendered herein were complete, because it affirmatively appears from the poll of the jury that not more than one-fourth disagreed therewith. The answer to this contention is to be found, we think, in the decision in the Times-Mirror case, *supra,* wherein reference is made to this same code section, and the poll showed that the verdict awarding punitive damages had received the affirmative votes of ten jurors. It was held, nevertheless, that no judgment could be entered thereon because such verdict had been concurred in by only seven of the nine jurors who had returned the general verdict for compensatory damages upon which the verdict for punitive damages depended.

It is our conclusion, therefore, that under the facts stated and in view of the authorities above cited, the trial court acted within the scope of its judicial power in refusing to enter judgment in conformity with said verdicts and in granting the order declaring a mistrial. The peremptory writ is accordingly denied, and the proceeding before us is dismissed.

Tyler, P. J., and Cashin, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 23, 1938.