[Civ. No. 17974. First Dist., Div. Two. Mar. 2, 1959.]

REGINE SCHOENBACH, Respondent, v. KEY SYSTEM TRANSIT LINES (a Corporation) et al., Appellants.

Hardin, Fletcher, Cook & Hayes, Cyril Viadro, Donahue, Richards & Gallagher and Joseph A. Woods, Jr., for Appellant Key System Transit Lines.

Ricksen, Freeman, Hogan & Vendt and Lewis P. May for Appellant Yellow Cab Company.

J. Adrian Palmquist and Francis T. Cornish for Respondent.

DOOLING, J.—Defendants Key System Transit Lines (hereinafter called Key System), its bus operator Robert Shamoon and Yellow Cab Company (hereinafter called Yellow Cab) appeal from a judgment entered upon a verdict for plaintiff in an action for personal injuries.

Respondent boarded a Key System bus in Oakland. The evidence was conflicting as to whether there were any empty seats in the bus, but there is no dispute that respondent was a standing passenger. As the bus was moving at a speed of from 18 to 25 miles per hour, a taxicab operated by the appellant Yellow Cab Company passed it, cut in front and slowed down. The operator stopped the bus abruptly, throwing respondent to the floor and injuring her severely. Appellants do not question the sufficiency of the evidence to support the judgment.

## The Appeal of Yellow Cab

 The court gave the following instruction:

"The phrase 'nine or more of the jurors shall agree upon a verdict,' means one of two things: Either that nine or more of you agree that the defendants are not liable, or on the other hand, that nine or more of you agree that the plaintiff is entitled to recover, and nine of those same jurors who believe that she is entitled to recover agree upon the amount of damages to which she is entitled.

"Until nine or more of the jurors have agreed upon a verdict which includes both liability and the amount of damages, all twelve of you should continue to participate in the deliberations."

Yellow Cab claims that this instruction deprived it of the right of trial by a jury of 12 persons.

The first paragraph of this instruction correctly states the law, that to arrive at a legal verdict at least nine identical jurors must agree to the entire verdict. (*Earl* v. *Times-Mirror Co.*, 185 Cal. 165, 182-186 [196 P. 57]; *Nelson* v. *Superior Court*, 26 Cal.App.2d 119 [78 P.2d 1037]; *Balero* v. *Littell*, 124 Cal.App. 190 [12 P.2d 41].) The second part of the instruction expressly advises the jury that until a complete verdict is arrived at all 12 jurors should continue to participate in the deliberations. In the case of *Carlin* v. *Prickett*, 81 Cal.App.2d 688, 693 [184 P.2d 945], the court, while leaving undecided whether it was error to instruct the jury "that only the nine people who voted in favor of the plaintiff could participate in fixing the amount of the verdict" said that if this was error "the error was cured by the court later telling the jury that all members could participate at all stages in arriving at the amount of the verdict and that they all had a right to enter into the discussion to help fix the amount." The instruction here given read as a whole falls squarely within the holding of this case.

 Yellow Cab complains of the qualifying language in an instruction that the violation of certain sections of the Vehicle Code read to the jury constitutes negligence as a matter of law. The instruction was qualified in the following language:

"However, such a presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event the conduct in question was excusable and such as might reasonably have been expected from a person of ordinary prudence.

"In this connection, you may assume that a person of ordinary prudence will reasonably endeavor to obey the law, and will do so, unless causes which are not of his own intended making induce him without moral fault to do otherwise."

This instruction, when given, had the approval of the Supreme Court. (*Combs* v. *Los Angeles Railway Corp.*, 29 Cal.2d 606, 609-611 [177 P.2d 293].) Since the trial of this case, however, in *Alarid* v. *Vanier*, 50 Cal.2d 617, 623-624 [327 P.2d 897], the Supreme Court has criticized the last paragraph of the instruction above quoted and stated the true rule to be "whether the person who has violated a statute has sustained the burden of showing that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." (50 Cal.2d p. 624.)

The portion of the instruction given by the court in this case that the presumption of negligence "may be overcome by other evidence showing that under all the circumstances surrounding the event the conduct in question was excusable and *such as might reasonably have been expected from a person of ordinary prudence*" is more favorable to Yellow Cab than the test set out in Alarid in that it omits the qualification "who desired to comply with the law."

The last quoted portion of the instruction is criticized by Yellow Cab, not on the ground that it prejudiced it in any defense that its violation of the law, if the jury found one, may have been excusable, but on the ground that the use of the terms "intended" and "moral fault" had a tendency to confuse the jury in its consideration of section 544, Vehicle Code. The argument is that while that section provides that "[n]o person shall turn a vehicle . . . unless and until such movement can be made with *reasonable safety*," the criticized instruction would lead the jury to believe that the section requires "unequivocal safety." The argument does not impress us. The code section including the words "with reasonable safety" was read to the jury. Yellow Cab asked for no instruction defining or elaborating on these words. If a party desires a more detailed instruction than that given by the court he must request it. (*Sarafini* v. *City & County of San Francisco*, 143 Cal.App.2d 570, 576 [300 P.2d 44].) In any event how the use of the words "intended" and "moral fault" would lead the jury to believe that the words "with reasonable safety" mean "with absolute safety" is not apparent. We can find no prejudice in this case from the giving of the in-

struction particularly in view of the fact that Yellow Cab points to no evidence in the record, and we have found none, to support a finding that if its driver did violate the law such violation was excusable.

■ The jury was instructed at the request of Key System:

"When a passenger upon a motorcoach voluntarily rides in a standing position rather than seated, such passenger assumes the natural and obvious risks, if any, resulting from riding in a standing position, and in the exercise of the due care required by law must take greater precautions for her own safety than if she were seated in the bus or motorcoach." There was a dispute in the evidence as to whether there were any vacant seats in the coach or whether they were all occupied and plaintiff was obliged to stand for that reason. The words *"voluntarily* rides in a standing position" were obviously directed to this question. Yellow Cab argues that the inclusion of the word "voluntarily" confuses the question of negligence with intent. The jury was generally instructed:

"Inasmuch as the amount of caution used by the ordinarily prudent person varies in direct proportion to the danger known to be involved in his undertaking, it follows that in the exercise of ordinary care the amount of caution required will vary in accordance with the nature of the act and the surrounding circumstances. To put the matter in another way, the amount of caution required by the law increases as does the danger that a reasonably prudent person would apprehend in the same situation." Reading the instructions as a whole we can find no prejudice to Yellow Cab.

■ Finally Yellow Cab complains that its cross-examination of a witness produced by plaintiff was unduly restricted. The witness was produced only against Key System and its driver and the court several times instructed the jury that his testimony was not to be considered against Yellow Cab. We must assume that the jury followed these instructions and that no prejudice to Yellow Cab resulted from the limitation of its cross-examination, which the court placed on the express ground that it was immaterial because "at your [counsel for Yellow Cab's] request I instructed this jury they were not to consider this gentleman's testimony as against the Yellow Cab."

### The Appeal of Key System and Its Driver

■ The jury was instructed:

"Proof of an injury to a passenger on the bus of a common carrier, caused by the operation of the bus, raises a legal

inference that the injury was caused by the negligence of the carrier and casts upon the carrier the *burden of proving* that such injury was caused by some unavoidable casualty or by some other cause which human care and foresight could not prevent, or *by the contributory negligence* of the passenger, unless these facts be shown by evidence produced by the plaintiff.'' (Emphasis ours.)

Key System and its driver correctly complain that the burden of proof does not shift to a common carrier where a case for the application of the res ipsa loquitur doctrine appears from the plaintiff's evidence. The burden of proof is not on the carrier; it ''has merely the burden of going forward with the evidence, that is, the burden of producing evidence sufficient to meet the inference of negligence by offsetting or balancing it.'' (*Hardin* v. *San Jose City Lines, Inc.*, 41 Cal. 2d 432, 437 [260 P.2d 63] ; *Scarborough* v. *Urgo*, 191 Cal. 341, 346-347 [216 P. 584] ; *Dodge* v. *San Diego Electric Ry. Co.*, 92 Cal.App.2d 759, 766-767 [208 P.2d 37].)

Respondent argues that in view of the other instructions on the burden of proof the jury would not understand ''the burden of proving'' in this instruction to refer to the burden of proof. The argument overlooks the fact that the instruction couples the ''burden of proving . . . unavoidable casualty or . . . some other cause which human care and foresight could not prevent'' with ''the burden of proving . . . the contributory negligence of the passenger.'' The jury had been clearly instructed that the burden of proof of contributory negligence rested on the defendants. It does violence to common sense to ask us to assume that the jury would believe that the burden of proving contributory negligence in this instruction meant the burden of proof of contributory negligence, while the same term in the same instruction meant something less when applied to the burden of meeting the inference of negligence arising from the happening of the casualty.

The case was a close one against Key System and its driver and we cannot hold that the additional burden placed on them by this erroneous instruction was not prejudicial.

Judgment affirmed as to Yellow Cab Company. Judgment reversed as to Key System Transit Lines and Robert Shamoon.

Kaufman, P. J., and Draper, J., concurred.