465 P.2d 521

Peter NAUMBURG, Plaintiff-Appellee,

v.

Sallie WAGNER, Defendant-Appellant.

No. 369.

Court of Appeals of New Mexico.

Feb. 6, 1970.

Donnan Stephenson, Charles D. Olmsted, Stephenson, Campbell & Olmsted, Santa Fe, for appellee.

Richard C. Civerolo, Wayne C. Wolf, Civerolo, Hansen & Wolf, Albuquerque, for appellant.

## OPINION

HENDLEY, Judge.

Defendant appeals an adverse jury verdict concerning a Wagoneer-motorcycle collision. Three points are raised for reversal. We affirm.

> Point I: "THE REQUIRED NUMBER OF JURORS DID NOT AGREE ON THE VERDICT AS REQUIRED BY N.M.S.A. 21-1-1(48) (b)."

The polling of the jury showed that eleven jurors found liability. The twelfth juror, Piatt, thought both plaintiff and defendant were negligent. Nevertheless, she went along with the vote assessing $30,-000.00 as damages. Two of those who had voted for liability did not agree on the assessment of damages. Whether their vote was for more or less than the sum assessed does not appear on the record but is not material.

The New Mexico Constitution, Art. II, § 12, states that "* * * The legislature may provide that verdicts in civil cases may be rendered by less than a unanimous vote of the jury." By the Laws 1933, ch. 98, § 1, the legislature enacted what is now § 21-1-1(48) (b), N.M.S.A.1953 which reads in part:

> "In civil causes when the jury, or as many as ten [10] of them, have agreed upon a verdict, they must be conducted into court, their names called by the clerk, and the verdict rendered by their foreman; * * * if upon such inquiry or polling, more than two [2] of the jurors disagree thereto, the jury must be sent out again but if no such disagreement be expressed, the verdict is com-

plete and the jury discharged from the case."

The question before this court concerns the interpretation of that enactment. Must the same ten jurors agree on each material issue that supports a verdict or may agreement of any ten jurors on any issue constitute a finding as to that issue?

Rule 48(b) on its face does not answer that question, and so we must interpret the above subsection. Fort v. Neal, 79 N.M. 479, 444 P.2d 990 (1968). We construe Rule 48(b) to mean that a verdict must be received by the court when at least ten jurors, not necessarily the same ten, agree to each material finding supporting that verdict provided, however, that none of the jurors, upon whose votes the verdict depends, is guilty of irreconcilable inconsistencies or material contradictions when his votes on all issues are considered.

This question is one of first impression in New Mexico. Opposite results have been reached in other jurisdictions.

California, Kentucky, Ohio, Oregon, and Wisconsin were faced with this identical question. They had a statutory provision similar to ours. See Cal.Civ.Proc. § 618; Ky.Rev.Stat. §§ 29.330, 29.335; Ohio Rev. Code § 2315.09; Oregon Const. Art. 7, § 5, O.R.S. § 17.335; and Wis.Laws 1921, ch. 504. They concluded that the statutory minimum of the same jurors must agree on all material issues to have a valid verdict. Earl v. Times-Mirror Co., 185 Cal. 165, 196 P. 57 (1921); Baxter v. Tankersley, 416 S.W.2d 737 (Ky.App.1967); Plaster v. Akron Union Passenger Depot Co., 101 Ohio App. 27, 137 N.E.2d 624 (1955), appeal dismissed 165 Ohio St. 289, 135 N.E.2d 61 (1956); Clark v. Strain, 212 Or. 357, 319 P.2d 940 (1958); Dick v. Heisler, 184 Wis. 77, 198 N.W. 734 (1924).

Arkansas and Washington,[1] likewise, have provisions similar to ours. See Ark.

---

1. Subsequent to submission, the case of Ward v. Weekes, 107 N.J.Super. 351, 258 A.2d 379 (1969) was reported. The New Jersey statute, N.J.S. 2A:80-2, N.J.S.A., stated "In any civil cause wherein a jury of 12 shall be impaneled, a verdict may be rendered by 10 or more of the jury agreeing * * *.

Const. Art. 2, § 7, Amend. 16 and Wash. Laws 1895, ch. 36, § 1, Rem.Code 1915, § 358 (presently R.C.W.A. § 4.44.380). These two jurisdictions have construed their provisions to mean that a verdict may be received when any combination of the statutory minimum number of jurors agree on the issues necessary to support that verdict. McChristian v. Hooten, 245 Ark. 1029, 436 S.W.2d 844 (1969); Bullock v. Yakima Valley Transp. Co., 108 Wash. 413, 184 P. 641 (1919), approved on rehearing 108 Wash. 436, 187 P. 410 (1920).

Defendant would have us follow the interpretation sanctioned in the five jurisdictions mentioned requiring the same jurors to agree on all material issues in a verdict. She suggests that should we not adopt this interpretation "ludicrousness" would result since "a verdict could be rendered against a Defendant with only seven jurors agreeing upon any one issue in a state that required ten jurors to agree upon 'a verdict.'" We do not agree that the suggested result would be "ludicrousness." In our interpretation, although we do not require the same ten jurors to agree on all material issues at least ten jurors must agree on every material issue. If defendant means that it is possible to have a valid verdict with only seven of the same ten jurors voting alike on every issue, we agree. But to find "ludicrousness" in such a verdict is to assume that Rule 48(b) means the same ten jurors must agree on every issue. This is not our interpretation of that rule.

Because we consider this question one of importance, in light of a contrary rule in those jurisdictions mentioned above, we will analyze the cases establishing that rule. Earl v. Times-Mirror, Co., supra, was a 4–3 decision. The majority gave no reasons for requiring that the same jurors agree on all the issues. The dissent argued that the verdict overturned should not have been disturbed because "upon

each of these distinct issues a verdict by nine jurors as required by law was returned, and that the vote of no juror upon either of these verdicts was inconsistent with his vote upon the other." We are sympathetic to the view taken by the dissent and have found no later California cases indicating why the approach taken by the dissenters should not be followed. See, e.g., Schoenbach v. Key System Transit Lines, 168 Cal.App.2d 302, 335 P.2d 725 (1959); Nelson v. Superior Court, 26 Cal. App.2d 119, 78 P.2d 1037 (1938).

The first case on this question in Wisconsin concluded that if it did not construe its provision to mean that the same ten must agree on all questions then the provision providing for less than unanimous verdicts would be unconstitutional. Dick v. Heisler, supra. Why and how unconstitutionality would result the opinion did not indicate. A comment in 3 Wis.Law Rev. 51 (1924–26) liked the conclusion of the Wisconsin court but had this to say about its reasoning:

"* * * It is difficult, however, to support the holding on the ground pointed out by the court. It is hard to see how either construction would violate either the United States Constitution or that of the state. * * * On the other hand, it is hard to see how the construction of the trial court [that any ten jurors might agree on any issue] would render the statute unconstitutional on the ground that it conflicted with the state Constitution (Art. 1, sec. 5). The constitutional provision and the statute are worded practically alike. If the statute could be interpreted in one way, no reason appears why the constitutional provisions could not be construed in the very same way, and vice versa."

Later, in Christensen v. Petersen (Schwartz) 198 Wis. 222, 223 N.W. 839

---

Any verdict so rendered shall have the same force and effect as though it had been rendered by the entire jury." The Court held that there was "nothing in the provisions of the cited constitution, statutes or rules requiring all issues in a case to be decided by at least the same ten jurors," and "that 'a verdict' is a single final decision of a jury on all the factual issues submitted * * *."

(1929) the Supreme Court of Wisconsin reasoned:

"Under the Constitution as it existed prior to the amendment permitting the five-sixths verdict, all questions essential to establish appellant's liability would have to be found by the unanimous verdict of the jury. The only change wrought by the amendment was to permit the verdict of five-sixths of the jury to be received in place of the unanimous verdict. Otherwise the rights of the parties litigant were not changed by this amendment.

\* \* \* \* \* \*

"When the Constitution was adopted, one of the essential elements of the jury trial was that the jurors should all agree upon all questions essential to establish liability."

Such reasoning does not impress us as the only way statutes permitting less than unanimous verdicts may or should be interpreted. The requirement of the same jurors agreeing, which is a necessary characteristic of a unanimous verdict, needs not remain when there has been a change permitting less than unanimity to be the jury's verdict. An argument can be made just as easily that whatever was peculiar to a unanimous verdict was abolished. Wisconsin's interpretation appears to be an attempt to maintain the semblance of unanimity after the requirement of unanimity ceases to exist.

Since 1951 Wisconsin courts no longer need give explanation since their statute was revised specifically requiring the same five-sixths to agree on all issues necessary in a verdict. See Wis.Laws 1951, ch. 36; W.S.A. 270.25.

The cases from the three other jurisdictions, that require the same jurors to agree on each issue, give no reason other than such a requirement existed in California and Wisconsin. See Plaster v. Akron Union Passenger Depot Co., supra; Clark v. Strain, supra; and Baxter v. Tankersley, supra. No later cases in these jurisdictions have given any better elucidation.

See Ellison v. Seelbrede, 2 Ohio Misc. 164, 204 N.E.2d 262 (1965); Munger v. State Industrial Accident Commission, 243 Or. 419, 414 P.2d 328 (1966); Shultz v. Monterey, 232 Or. 421, 375 P.2d 829 (1962).

The two jurisdictions which hold that any combination of the statutory minimum of jurors may agree on the essential issues to support a verdict have given no persuasive argument for their interpretation of their statutes permitting less than unanimous verdicts. See Bullock v. Yakima Valley Transp. Co., supra, and McChristian v. Hotten, supra. *McChristian*, for example, merely claims that Wisconsin's interpretation results from a provision that is clearly different from Arkansas'. This might be true today since, as we have pointed out, Wisconsin had adopted an amendment upholding what had been its case law; but that does not help as a reason to distinguish the Wisconsin cases prior to the 1951 amendment.

■ Because these cases construing their provisions in the manner we think is more appropriate have not given adequate justification, we now indicate some of the bases for our interpretation of Rule 48(b). We believe that our holding that any ten jurors in New Mexico may agree on any issue in support of a verdict best assures attainment of the purpose of less-than-unanimous verdicts, namely, overcoming minor disagreements that resulted in "hung" juries under the unanimity requirement. See Measeck v. Noble, 9 A.D.2d 19, 189 N.Y. S.2d 748 (1959). At the same time one can hardly argue that the result is less fair since twelve jurors must still participate. U.J.I. 16.4. Thus without sacrificing the traditional notion of justice, our interpretation of the less than unanimity rule ensures less waste of judicial time.

Having construed Rule 48(b) to mean that any ten jurors are necessary and sufficient to agree on any issue, so long as none of these jurors has voted inconsistently, we must examine whether in this case Juror Piatt, whose vote is crucial to our upholding the verdict, can pass the test of consistency.

The record discloses that in the deliberations all twelve jurors found negligence. Piatt, however, thought both plaintiff and defendant negligent. At this point in the deliberation, the liability of defendant was clearly established by more than the statutory number. See U.J.I. 14.1, 17.8. The next step was to assess damages.

■ The one juror who found both parties negligent could not be kept from active participation in the assessment of damages. New Mexico U.J.I. 16.4. But was there any contradiction in her voting as to the amount of damages when she had found defendant contributorily negligent? We think not. Compare Devoni v. Department of Labor and Industries, 36 Wash.2d 218, 217 P.2d 332 (1950); cf. special interrogatories submitted in McCandless v. L. G. DeFelice & Son, Inc., 144 F.Supp. 462 (W.D.Pa.1956). There are instances when the quantum of damages governs whether or not a party has the right to recover. See Columbia Horse & Mule Commission Co. v. American Ins. Co., 173 F.2d 773 (6th Cir. 1949). But these circumstances are not the ordinary and damages can generally be treated separately. See supplemental opinion in Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798 (1961). In this case there was nothing to make the vote on damages inconsistent with the finding of contributory negligence.

Finding no inconsistency in Juror Piatt's vote, our interpretation of Rule 48(b) forces us to find no merit in defendant's first point.

■ Point II states:

"THE COURT ERRED IN REFUSING TO ALLOW INTO EVIDENCE TENDERED PORTIONS OF PLAINTIFF'S DEPOSITION UNDER 21–1–1 (26) (d) (2)."

Defendant emphasizes that § 21–1–1(26) (d) (2), N.M.S.A. 1953 provides that a deposition of an adverse party may be used "for any purpose." With that position we agree. See Zimmerman v. Safeway Stores, Inc., 410 F.2d 1041 (D.C. Cir. 1969); 4 Moore, Federal Practice ¶ 26.29,

at 1653 (2d ed. 1969). But blind reliance on that portion of the rule does not establish error when the court refused to admit portions of a deposition. That permissive rule does not override the other rules of evidence and the discretion of the trial court. See Zimmerman v. Safeway Stores, Inc., supra; Merchants Motor Freight v. Downing, 227 F.2d 247 (8th Cir. 1955); White v. Walstrom, 254 Iowa 646, 118 N. W.2d 578 (1962).

When the trial court asked defendant for what purpose she might want to read portions of plaintiff's deposition to the jury, the answer given was: "Under the rules." The court could hardly determine admissibility or relevancy if not given specific purpose or purposes when faced with an objection from the opposing party. The court volunteered the purpose.

"THE COURT: You are offering it as a part of your case, and you had an opportunity to examine him in detail as to any of the matters contained in the deposition when he was on the stand. You are offering it as part of direct evidence.

"MR. CIVEROLO: That is correct, and under the rules I think I have the right to admit it for any purpose whatsoever.

"THE COURT: But there can be only one purpose, that is that it is part of the evidence in your case, and the Court would have to advise the jury of that."

■ Thereupon, the defendant submitted the specific portions of the deposition he wished to introduce. The court refused the tender because it felt that "all of those matters have already been before the jury." Unnecessary repetition is a valid ground for refusing to admit a deposition as part of one's case. Pursche v. Atlas Scraper and Engineering Co., 300 F.2d 467 (9th Cir. 1961), cert. denied 371 U.S. 911, 83 S. Ct. 251, 9 L.Ed.2d 170 (1962); Merchants Motor Freight v. Downing, supra.

On appeal defendant claims that "there was no attempt to introduce material that was not admissible." However, the question on appeal is whether the court erred in its ruling that all matters tendered had

already been presented to the jury. We find that the record supports the court's ruling.

█ Defendant also argues that the court restricted the purposes for which he was permitted to introduce the deposition. It is true that the court said: "But there can be only one purpose, that is that it is part of the evidence in your case. * * *" But the record shows that this statement was made in the context of defendant's failure to give any purpose for the introduction and the court volunteering one purpose for her. Defendant agreed with the court. She did not specify any other purposes for introduction of the deposition.

█ Defendant suggests that the court refused portions of the deposition which contained inconsistencies but nowhere below did she alert the court that she was introducing inconsistencies for impeachment purposes. She merely relied on the general statement: "* * * under the rules I think I have the right to admit it for any purpose whatsoever." Not having urged the court to admit the deposition to show inconsistencies, defendant may not raise that issue now. Associates Loan Company v. Walker, 76 N.M. 520, 416 P.2d 529 (1966); see State v. Heisler, 58 N.M. 446, 272 P.2d 660 (1954); Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041 (1949).

Point III states:

"THE COURT ERRED IN REFUSING TO GIVE DEFENDANT'S REQUESTED INSTRUCTIONS #11 and #12 AS BOTH ARE PROPER PRESENTATION OF THE LAW AND WERE WITHIN THE ISSUES FRAMED BY THE PLEADINGS AND THE TESTIMONY AT TRIAL."

█ Requested Instruction No. 11 concerned the statutory duty of the driver of a vehicle on the highway and No. 12 was an instruction on the doctrine of last clear chance. We make no ruling whether the Requested Instructions correctly stated the law. Under the facts of this case, taken together with the other instructions given, these requested instructions merely re-emphasized the doctrine of contributory negligence. If instructions considered on a whole fairly present all issues of law applicable to the facts, then they are sufficient and it is not error to refuse all others as surplusage. Roybal v. Lewis, 79 N.M. 227, 441 P.2d 756 (1968); Flanary v. Transport Trucking Stop, 78 N.M. 797, 438 P.2d 637 (Ct.App.1968).

We have considered defendant's other arguments and authorities and find nothing in them to cause us to conclude any differently.

Affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.