[Civ. No. 44820. First Dist., Div. Two. Oct. 30, 1979.]

THEODORE JOHN BORNS, Plaintiff and Respondent, v.
BARBARA ANN BUTTS, Defendant and Appellant.

COUNSEL

Simon J. Katzen for Defendant and Appellant.

Thomas F. Nelson for Plaintiff and Respondent.

OPINION

ROUSE, J.—This is an appeal from a judgment entered in favor of plaintiff and respondent, Theodore John Borns, against defendant and appellant, Barbara Ann Butts, upon a complaint for damages sustained in a collision between respondent's motorcycle and appellant's automobile.

The jury below returned four verdicts:

1. By a vote of nine-three it found that appellant was negligent and that the negligence proximately caused respondent's injury;

2. By a vote of twelve-zero it found that respondent suffered $20,019 in damages;

3. By a vote of nine-three it found that respondent was negligent and that the negligence proximately caused the injury;

4. By a vote of nine-three it attributed 10 percent of the negligence causing the accident to respondent, and 90 percent to appellant.

■ When the jury was polled, it was discovered that only seven of the jurors had voted for all four verdicts. Appellant thereupon moved for a mistrial, but after hearing argument, the court declined to declare a mistrial or to have the jury return for further deliberations. By entering a verdict when the same nine jurors had not agreed on each special verdict, the court erred. (*Earl* v. *Times-Mirror Co.* (1921) 185 Cal.165, 182-186 [196 P.57]; *Schoenbach* v. *Key System Transit Lines* (1959) 168 Cal.App.2d 302, 305 [335 P.2d 725]; *Nelson* v. *Superior Court* (1938) 26 Cal.App.2d 119, 120-122 [78 P.2d 1037].)

Respondent's contention that the error was harmless in light of the juror's voting pattern is rejected for two reasons. First, no "legal verdict" existed below; thus, prejudice is inherent in the entry of an invalid verdict and judgment. (See *Schoenbach* v. *Key System Transit Lines, supra,* 168 Cal.App.2d at p. 305; *Nelson* v. *Superior Court, supra,* 26 Cal.App.2d at pp. 122-123.) Second, the voting pattern was not such that we can say there was no prejudice. Juror No. 7 voted to find respondent not negligent (verdict 3), but he also voted to allocate 10 percent of the negligence to respondent (verdict 4). We cannot assume that if further deliberations were held and juror No. 7 were to switch his vote on verdict 3, thereby becoming part of the three-fourths majority, he would necessarily have continued to vote for the verdict finding respondent only 10 percent negligent. Juror No. 7's change of thought as to respondent's negligence may well have changed his thinking as to the proper allocation of negligence. In that case, he may not have continued to vote with the three-fourths majority on verdict 4. While it is possible that he might not have changed his fourth vote, we cannot say this would necessarily have occurred. Similar reasoning applies to juror No. 3. Thus, we cannot conclude that the error was harmless.[1]

The judgment is reversed.

Taylor, P. J., and Miller, J., concurred.

---

[1]We decline to address appellant's other issue as it will presumably not arise upon retrial.