[Civ. No. 5652. Fifth Dist. Nov. 12, 1980.]

UNITED FARM WORKERS OF AMERICA, AFL-CIO,
Petitioner, v.
THE SUPERIOR COURT OF MERCED COUNTY, Respondent;
JOSE HOMEN, Real Party in Interest.

**1010**

COUNSEL

Belli & Choulos, Melvin M. Belli, Federico C. Sayre, Marco E. Lopez, Carlos M. Alcala, Federico G. Chavez, Carmen S. Flores and Ellen J. Eggers for Petitioner.

No appearance for Respondent.

Green & Azevedo and Arthur V. Azevedo for Real Party in Interest.

## Opinion

**HANSON (P. D.), J.**—Petitioner seeks a writ of mandate directing respondent court to vacate its order declaring a mistrial and to enter judgment on the verdict reached by the jury, and in the alternative, a writ of prohibition to prevent respondent from proceeding with a new trial of the action.

Petitioner United Farm Workers of America, AFL-CIO, is the defendant in an action for personal injuries pending in the superior court; real party in interest, Jose Homen, is the plaintiff. Petitioner alleges that Merced County Superior Court action No. 48804 was tried before a jury beginning March 4, 1980, and on March 13, 1980, the jury returned a verdict finding that the negligence of both plaintiff and defendant had proximately caused plaintiff's injuries. The jury found that plaintiff was 90 percent at fault and defendant 10 percent at fault, and determined the total damages to be $70,000.

The jury was polled at defendant's request; the results of the poll showed that nine jurors found that defendant's negligence contributed to plaintiff's injury, nine jurors found plaintiff's negligence contributed to his injury, all jurors agreed that plaintiff suffered $70,000 in damages, and eleven jurors concurred in the 90-10 percent apportionment. The identical nine jurors did not find both plaintiff and defendant negligent; of the eleven who voted to apportion 90 percent of the fault to plaintiff and 10 percent to defendant, two had found previously that defendant was not negligent and three had found previously that plaintiff's negligence had not contributed to the injury. This is the pattern of voting:

JURY POLL

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Was defendant negligent? | x | x | x | x | no | no | x | x | x | no | x | x |
| Was defendant's negligence the proximate cause? | x | x | x | x | no | no | x | x | x | no | x | x |
| Was plaintiff negligent? | x | x | no | x | x | x | x | x | x | x | x | x |
| Was plaintiff's negligence the proximate cause? | x | x | no | x | x | x | x | no | no | x | x | x |
| What is amount of plaintiff's damages? | | | | | | | | | | | | |
| Answer—$70,000 | x | x | x | x | x | x | x | x | x | x | x | x |
| What percentage of negligence is attributed to defendant and to plaintiff? | | | | | | | | | | | | |
| Defendant—10% | | | | | | | | | | | | |
| Plaintiff—90% | x | x | x | x | no | x | x | x | x | x | x | x |

(x = Answer Yes)

Nine jurors found defendant negligent; the same nine found that defendant's negligence was a proximate cause of plaintiff's injuries, that damages in an amount of $70,000 were proper and also attributed 10 percent fault to defendant. In other words, nine identical jurors decided defendant was negligent and should pay damages of $7,000. This was the essence of the verdict in its final form.

Eleven jurors found plaintiff negligent and nine of the eleven found that plaintiff's negligence was a proximate cause of plaintiff's injuries; the same nine jurors found $70,000 damages and nine jurors, including eight of the jurors concurring in findings 3, 4 and 5, found plaintiff 90 percent negligent. The one juror not agreeing with the 90 percent apportionment had previously found defendant not negligent and plaintiff negligent.

The court, in chambers, expressed doubt whether the verdict was valid in light of the results of the jury poll. This discussion occurred *after* the jury was excused. No request was made by either counsel to send the jury for further deliberation, and the court did not do so on its own motion.

The court suggested that the parties stipulate to delay entry of judgment pending determination of the question of the validity of the verdict, and requested that briefs be filed discussing the issue. Both counsel agreed to the stipulation and submitted briefs. Defendant argued (1) that the verdict was valid, and (2) that if the verdict were defective, any such defect was waived.

On March 26, 1980, a mistrial was declared by the trial court by order finding that the verdict was invalid, and citing *Borns v. Butts* (1979) 98 Cal.App.3d 208, 210 [159 Cal.Rptr. 400]. The trial court held that the defect had not been waived by the plaintiff's failure to request that the jury be sent to deliberate further because (1) the defect was not apparent when the jury was polled and (2) in the court's opinion, nothing would have been accomplished by sending the jury back to deliberate at 12:30 a.m. On June 12, 1980, this court issued an order to show cause and on June 27, 1980, stayed further proceedings pending determination of the cause or until further order of this court.

 While no appeal lies from an order granting a mistrial (*Heavy Duty Truck Leasing, Inc.* v. *Superior Court* (1970) 11 Cal.App.3d 116, 119 [89 Cal.Rptr. 598], the order is reviewable by writ of mandate or

prohibition. (*Nelson* v. *Superior Court* (1938) 26 Cal.App.2d 119 [78 P.2d 1037].)

Petitioner contends (1) that the jury's verdict was valid although nine identical jurors did not agree on each special verdict, and (2), if the verdict were defective, any inconsistency was waived by respondent's failure to request that the verdict be corrected or the jury be sent back for further deliberations. We agree with both contentions.

In *Borns* v. *Butts, supra*, 98 Cal.App.3d 208, 209-210, a case involving comparative negligence issues, the jury determined that both parties were negligent and the negligence of each had contributed to plaintiff's injury, that plaintiff suffered $20,019 damages, and that plaintiff was 10 percent at fault and defendant 90 percent at fault.

The jury in the *Borns* case was polled, and when it appeared that only seven of the jurors voted for all four verdicts, the defendant moved for a mistrial. The trial court refused to declare a mistrial or to send the jury back to deliberate further, and entered judgment on the verdict. The Court of Appeal reversed, saying in a brief opinion: "By entering a verdict when the same nine jurors had not agreed on each special verdict, the court erred. (*Earl* v. *Times-Mirror Co.* (1921) 185 Cal. 165, 182-186 [196 P. 57]; *Schoenbach* v. *Key System Transit Lines* (1959) 168 Cal.App.2d 302, 305 [335 P.2d 725]; *Nelson* v. *Superior Court* (1938) 26 Cal.App.2d 119, 120-122 [78 P.2d 1037].)

"Respondent's contention that the error was harmless in light of the juror's voting pattern is rejected for two reasons. First, no 'legal verdict' existed below; thus, prejudice is inherent in the entry of an invalid verdict and judgment. (See *Schoenbach* v. *Key System Transit Lines, supra*, 168 Cal.App.2d at p. 305; *Nelson* v. *Superior Court, supra*, 26 Cal.App.2d at pp. 122-123.) Second, the voting pattern was not such that we can say there was no prejudice. Juror No. 7 voted to find respondent not negligent (verdict 3), but he also voted to allocate 10 percent of the negligence to respondent (verdict 4). We cannot assume that if further deliberations were held and juror No. 7 were to switch his vote on verdict 3, thereby becoming part of the three-fourths majority, he would necessarily have continued to vote for the verdict finding respondent only 10 percent negligent. Juror No. 7's change of thought as to respondent's negligence may well have changed his thinking as to the proper allocation of negligence. In that case, he may not have continued to vote with the three-fourths majority on verdict 4. While it is

possible that he might not have changed his fourth vote, we cannot say this would necessarily have occurred. Similar reasoning applies to juror No. 3. Thus, we cannot conclude that the error was harmless." (*Borns v. Butts, supra*, 98 Cal.App.3d at p. 210. Fn. omitted.)

After careful examination of the California authorities cited in *Borns*, we are not persuaded that binding precedent requires that the same jurors agree on the questions of defendant's and plaintiff's negligence and the allocation of fault in comparative negligence cases or that such a rule is desirable. Accordingly, we decline to follow *Borns* and hold, for the reasons discussed below, that the jury's verdict was valid and should have been accepted by the trial court.

The *Borns* court relied exclusively upon one California Supreme Court case decided in 1921 and two Court of Appeal cases decided in 1938 and 1959, respectively; both Court of Appeal cases relied on the 1921 Supreme Court case; all were decided before comparative negligence principles were adopted in California. None of the three cases addressed the issue of identity of jurors for special verdicts in comparative negligence cases and we submit that all are distinguishable.

In *Earl v. Times-Mirror Co.* (1921) 185 Cal. 165, 182-186 [196 P. 57], a verdict for damages was held to be defective because although nine jurors voted for $25,000 compensatory damages and ten jurors for $5,000 punitive damages, only seven voted for both. The court, Justice Wilbur writing the opinion, reasoned that "[t]he three other jurors who were willing to agree to five thousand dollars as punitive damages, so far as the record discloses, did not concur in the amount of twenty-five thousand dollars compensatory damages and may have been unwilling to have returned a verdict for more than five thousand dollars all told." (*Id.*, at pp. 185-186.) The punitive damage award was set aside. Chief Justice Angellotti wrote a concurring opinion; Justice Olney dissented.

The *Earl* case does not address the question we have before us. In the present case all 12 jurors agreed that the damages should be $70,000 and 11 of those 12 jurors agreed that the amount should be apportioned in a 90-10 percent fashion. The one juror not approving the percentage allocations had voted that defendant was not negligent; he was apparently consistent in his voting pattern and inferentially was unwilling to apportion even a 10 percent liability to defendant.

The holding of the court in *Earl*, as explained in the critical dissent, was that even though the opinion mentions "two verdicts," in fact there was one verdict and because nine jurors must approve and had not approved the total amount of damages awarded, $25,000 plus $5,000 punitive damages or $30,000, the verdict for punitive damages was void. (*Earl* v. *Times-Mirror Co., supra*, 185 Cal. 165, 198-200 (dis. opn. of Olney, J.).) The appellate court in *Nelson* v. *Superior Court, supra*, 26 Cal.App.2d 119, 121, interpreted the Supreme Court opinion in *Earl* to hold that the verdict for compensatory damages was a "general verdict upon which the verdict for punitive damages necessarily depended." Either explanation of the situation considered in the *Earl* case is a far cry from this comparative negligence case where 12 people agreed on the amount of damages and 11 people agreed on the apportionment. Yet, it is this holding which is the basis for the only law in California demanding that there be an identity of at least nine jurors in all special verdicts in comparative negligence cases similar to the one under consideration.

We note that in California special verdicts are not required in comparative negligence cases. In *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, 824, footnote 18 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], the California Supreme Court said, "[w]e impose no mandatory requirement that special verdicts be used but leave the entire matter of jury supervision within the sound discretion of the trial courts." Such is the case in many jurisdictions where comparative negligence has been adopted by statute and by judicial decision. (See Schwartz, Comparative Negligence (1974) § 17.4, pp. 282-290.)

In *Nelson* v. *Superior Court, supra*, 26 Cal.App.2d 119, 120-123, the reviewing court upheld the trial court's order granting a mistrial where the jury returned a general verdict made dependent upon a special verdict, and only eight of the nine jurors who voted for the general verdict concurred in the special verdict. Again, this is not our issue.

The court in *Nelson* stated that there was no previous ruling in California upon the precise question and cited only one California case, the holding in *Earl* v. *Times-Mirror Co., supra*, 185 Cal. 165, 182-186, which it interpreted as sustaining its conclusion in granting a mistrial. The *Nelson* court stressed that the problem had been decided in no jurisdiction other than Wisconsin, where a five-sixths verdict statute had been construed as requiring that the same 10 out of 12 jurors must

agree on all special verdicts essential to sustain a general verdict. (*Nelson* v. *Superior Court, supra*, 26 Cal.App.2d 119, 121-122; see *Will* v. *Chicago, M. & St. P. Ry. Co.* (1926) 191 Wis. 247 [210 N.W. 717].)

The petitioner in *Nelson* urged that section 618 of the Code of Civil Procedure, providing that when the jury is polled, "[I]f...more than one-fourth of the jurors disagree thereto, the jury must be sent out again, but if no such disagreement be expressed, the verdict is complete and the jury discharged from the case," supported the validity of the verdicts because not more than one-fourth of the jury did disagree. (*Nelson* v. *Superior Court, supra*, 26 Cal.App.2d 119, 122-123.)

The *Nelson* court stated that the Supreme Court in the *Earl* case, while aware of the code section, held that no judgment could be entered in that case because only seven of the nine jurors who returned the general verdict for compensatory damages concurred in the verdict awarding punitive damages. (*Nelson* v. *Superior Court, supra*, 26 Cal. App.2d 119, 123.) Again, this is not the issue in this comparative negligence case.

In *Schoenbach* v. *Key System Transit Lines* (1959) 168 Cal.App.2d 302, 305 [335 P.2d 725], the court stated the rules now embodied in BAJI Nos. 15.32 and 15.51 (6th ed. 1977), both given in the present case: "...to arrive at a legal verdict at least nine identical jurors must agree to the entire verdict...[and] until a complete verdict is arrived at all 12 jurors should continue to participate in the deliberations."

The *Schoenbach* case cited *Earl* v. *Times-Mirror, supra, Nelson* v. *Superior Court, supra*, and also cited *Balero* v. *Littell* (1932) 124 Cal. App. 190 [12 P.2d 41] for the rule that a legal verdict requires that "at least nine identical jurors must agree to the entire verdict." The *Schoenbach* case, however, also relied upon *Carlin* v. *Prickett* (1947) 81 Cal.App.2d 688, 693 [184 P.2d 945], which left undecided whether it was error to instruct the jury "that only the nine people who voted in favor of the plaintiff could participate in fixing the amount of the verdict," and said that *if error*, it was cured when the court later stated to the jury that "all members could participate at all stages in arriving at the amount of the verdict and they all had a right to enter into the discussion to help fix the amount." While the *Schoenbach* case relies upon the *Earl* case, it emphasizes that 12 jurors must participate in deliberations.

Petitioner argues that the principles first set out in the *Earl* case do not reasonably apply in comparative negligence cases, that it is unnecessary to require that the same nine jurors who find the defendant negligent find the plaintiff negligent, that these findings are not dependent on each other, that a finding of plaintiff's negligence is not a prerequisite to assigning liability to defendant and vice versa. We agree.

In comments to BAJI Nos. 15.50 and 15.51, Supplement Service pamphlet No. 1 (1980), only one case, *Borns* v. *Butts, supra*, 98 Cal.App.3d 208 is cited. The comment to BAJI No. 15.32 (6th ed. 1977), cites the three 1921, 1938 and 1959 cases discussed above, *Balero* v. *Littell, supra*, 124 Cal.App. 190 (a contributory negligence case) and *Kirby* v. *Adcock* (1953) 116 Cal.App.2d 570 [253 P.2d 700] (holding objection to an alleged insufficient verdict was waived). The BAJI comment also cites 4 Witkin, California Procedure (2d ed. 1971) Trial, section 269, pages 3077-3078. The Witkin source cites the California cases set out above and also *Van Cise* v. *Lencioni* (1951) 106 Cal.App. 2d 341, 347 [235 P.2d 236], wherein the jury was sent back for further deliberation when the poll disclosed lack of assent of nine members. The same section under "Trial" in the supplement to Witkin cites no cases but section 263 of Witkin's 1979 supplement cites *McCloud* v. *Roy Riegels Chemicals* (1971) 20 Cal.App.3d 928 [97 Cal.Rptr. 910], and *Murrell* v. *State of California* ex rel. *Dept. Pub. Wks.* (1975) 47 Cal.App.3d 264 [120 Cal.Rptr. 812] on the merit of special verdicts. Other than *Earl* v. *Times-Mirror, supra*, the only pertinent California Supreme Court case is *Henrioulle* v. *Marin Ventures, Inc.* (1978) 20 Cal.3d 512, 521-522 [143 Cal.Rptr. 247, 573 P.2d 465], in which the court did not reach the issue.

In the use note to BAJI No. 15.55 (6th ed. 1977), concerning a bifurcated trial, the following is stated: "In a non-bifurcated jury trial, it has been held that if nine or more jurors agree that plaintiff is entitled to recover, at least nine of these same jurors must agree upon the issue of damages. [Here, the *Schoenbach* case is cited.]

"It is uncertain whether the same rule applies in case of a bifurcated jury trial. If the trial judge believes that the said rule does apply, then give the instruction with the bracketed material. If the trial judge believes the rule does not apply, then strike out the bracketed material.

"In any event, it is suggested that a stipulation be obtained, if possible, prior to bifurcation to the effect that the entire panel of jurors may pass on the issue of damages, including those who voted against liability.

"This instruction presupposes that the same jury will pass on the issue of damages. If a different jury is used, the instruction will require revision."

California trial courts can and do proceed in bifurcated trials with no requirement that only the jurors who find liability in the first phase of the trial may participate in the second phase to find damages. (See *Little* v. *Superior Court* (1961) 55 Cal.2d 642, 644-645 [12 Cal.Rptr. 481, 361 P.2d 13].) The requirement presumed obviously makes no sense if an entirely different jury determines damages.

Under *Li* v. *Yellow Cab Co., supra,* 13 Cal.3d 804, 829, the purpose of the comparative negligence system is "to assign responsibility and liability for damage in direct proportion to the amount of negligence of each of the parties. Therefore, in all actions for negligence resulting in injury to person or property, the contributory negligence of the person injured . . . shall not bar recovery, but the damages awarded shall be diminished in proportion to the amount of negligence attributable to the person recovering."

The *Borns* case, relying on *Earl* v. *Times-Mirror, supra,* appears to hold that the questions of plaintiff's and defendant's negligence and the proportion they bear to each other are intimately connected, and a change of view by a juror on one issue will necessarily affect his assessment of the other issues. (*Borns* v. *Butts, supra,* 98 Cal.App.3d 208, 210; see also *Ferguson* v. *Northern States Power Co.* (1976) 307 Minn. 26 [239 N.W.2d 190, 196].) This is not the view held in many other jurisdictions and as yet has not been adopted by the California Supreme Court. In the *Henrioulle* case, decided before the *Borns* case was filed, the court expressly reserved ruling on the question of whether the same nine jurors must agree on each part of a special verdict; the court recognized the problem, but found it unnecessary to address it. (*Henrioulle* v. *Marin Ventures, Inc., supra,* 20 Cal.3d 512, 522.) The California Legislature has not enacted a statute similar to the 1951 Wisconsin law requiring that identical jurors in requisite number agree on all questions leading to a verdict on a cause of action. (See *Fleischhacker*

v. *State Farm Mutual Auto. Ins. Co.* (1956) 274 Wis. 215 [79 N.W.2d 817, 819].)

In no case cited in *Borns* was the court confronted with this question —is it necessary in order to apportion damages validly between parties, each found by three-fourths of the jury to have contributed to the injury, for nine identical jurors to agree that both parties were negligent and that the negligence of each proximately contributed to the injury?

We hold that to find liability, the same nine jurors who find negligence on the part of a party must also find that negligence to be a proximate cause of the injury (see Cal. Tort Guide (Cont.Ed. Bar, 2d ed. 1979) § 1.2, p. 2, § 1.10, pp. 10-11), but, it is not required that nine identical jurors find both plaintiff and defendant negligent. Jurors not concurring in a finding agreed to by three-fourths of the jury are not told to discontinue participating, drop out of negotiations, leave the room, not listen, or refrain from speaking during discussions. (See *Fields* v. *Volkswagen of America, Inc.* (Okla. 1976) 555 P.2d 48, 54-56; cf. *Ferguson* v. *Northern States Power Co., supra,* 307 Minn. 26, discussing Wisconsin's statute.) In California the parties initially are entitled to a jury of 12 persons deliberating on each issue (Cal. Const., art. I, § 16; Code Civ. Proc., §§ 613, 618), unlike the situation in Wisconsin, where jurors who dissent from a finding of causal negligence are disqualified from *participating* in the comparative negligence question. (*Fleischhacker* v. *State Farm Mutual Auto. Ins. Co., supra,* 274 Wis. 215.)

In *Naumburg* v. *Wagner* (1970) 81 N.M. 242 [465 P.2d 521, 524], the New Mexico Court of Appeals interpreted a statute similar to California Code of Civil Procedure section 618[1] to mean that at least 10 jurors must agree on every material issue, but not necessarily the same 10. In the contributory negligence case, the court stated: "We believe that our holding that any ten jurors in New Mexico may agree on any issue in support of a verdict best assures attainment of the purpose of

---

[1]Code of Civil Procedure section 618 provides: "When the jury, or three-fourths of them, have agreed upon a verdict, they must be conducted into court and the verdict rendered by their foreman. The verdict must be in writing, signed by the foreman, and must be read to the jury by the clerk, or by the court, if there be no clerk, and the inquiry made whether it is their verdict. Either party may require the jury to be polled, which is done by the court or clerk, asking each juror if it is his verdict. If upon such inquiry or polling, more than one-fourth of the jurors disagree thereto, the jury must be sent out again, but if no such disagreement be expressed, the verdict is complete and the jury discharged from the case."

less-than-unanimous verdicts, namely, overcoming minor disagreements that resulted in 'hung' juries under the unanimity requirement. [Citation.] At the same time one can hardly argue that the result is less fair since twelve jurors must still participate. U.J.I. 16.4. Thus without sacrificing the traditional notion of justice, our interpretation of the less than unanimity rule ensures less waste of judicial time."

In *Tillman v. Thomas* (1978) 99 Idaho 569 [585 P.2d 1280, 1283], the jury's voting pattern was the heart of the various issues presented for the Idaho court's consideration; the court said: "...the rule requiring concurrence of the same nucleus of jurors on each material issue seems to be rooted in the notion that a verdict is a 'non-fragmentable totality,' 'a whole and separate entity [that] represents one ultimate finding on the basis of the several issues.' 27 Wash. & Lee L.Rev. 360, 363-64 (1970). This rule is said to promote consistency and fairness. *Id.* at 371. In our view, consistency and fairness are adequately protected without resorting to such a mechanistic rule that needlessly increases the likelihood of costly mistrials."

In *Forde v. Ames* (1978) 93 Misc.2d 723 [401 N.Y.S.2d 965, 966-967], an automobile negligence case arising in New York, the court said: "The appropriate assumption in a case such as this is that when a juror is outvoted on the question of liability he will accept the outcome and continue to deliberate with the other jurors honestly and conscientiously to decide the remaining issues. *Ward v. Weekes*, 258 A.2d at p. 381. The result is that it is not necessary to require the same five jurors to agree on all material issues. It is sufficient that at least five jurors agree on every material issue, *Naumburg v. Wagner*, 465 P.2d at p. 523. The result is fair because six jurors must still participate in arriving at a conclusion as to each ultimate issue, i.e., negligence, contributory negligence and, if necessary, damages." (See also: *Bertrand v. Aetna Casualty & Surety Company* (La.App. 1975) 306 So.2d 343; *Ward v. Weekes* (1969) 107 N.J. Super. 351 [258 A.2d 379, 381]; *Johnson v. Mobile Crane Co.* (1969) 1 Wash.App. 642 [463 P.2d 250, 256]; *McChristian v. Hooten* (1969) 245 Ark. 1045 [436 S.W.2d 844, 848-849].)

"Our system of justice revolves around our reliance on the wisdom of juries." (*Fields v. Volkswagen of America, Inc., supra,* 555 P.2d 48, 55.) The verdict arrived at by the jury is valid and should have been accepted by the trial court. The California cases cited in the *Borns*

opinion, which is the sole authority for the trial court's determination that the verdict is invalid, are precomparative-negligence cases and are not determinative of this issue. Unless this reasonable result is reached, the apprehension voiced in the above opinions from other jurisdictions becomes an actuality—time-consuming writs, mistrials, frustrating delays and confusion for the trial judge and jury—all adding to the heavy burden of the California civil trial process.

We decide that under the circumstances in this case it is not fatal to the verdict that the same nine jurors did not find both defendant and plaintiff negligent as long as nine jurors did so find, and that the award of damages was properly determined.

Finally, addressing petitioner's second issue, we find that even if the law on the identity of jurors were as urged by real party, the verdict in this case must be accepted. Under Code of Civil Procedure sections 618[2] and 619[3] the proper procedure when an apparently insufficient verdict is returned is to send the jury back for further deliberation. The California Supreme Court in *Henrioulle* v. *Marin Ventures, Inc., supra,* 20 Cal.3d 512, stated: "Failure to object to a verdict before the discharge of a jury and to request clarification or further deliberation precludes a party from later questioning the validity of that verdict if the alleged defect was apparent at the time the verdict was rendered and could have been corrected." (*Id.,* at p. 521, fn. omitted; *Silverhart* v. *Mount Zion Hospital* (1971) 20 Cal.App.3d 1022, 1029 [98 Cal. Rptr. 187, 54 A.L.R.3d 250].)

Contrary to the trial court's statement in the order declaring a mistrial, any defect had to be apparent at the time the jury was polled, as the polling chart clearly shows and as counsel for real party conceded at oral argument. It was the *effect* of the voting pattern that was not immediately considered or understood.

Furthermore, had counsel requested that the jury be returned for further deliberation, the court could have sent the jurors home at 12:30 a.m. with instructions to return the next court day; it was not necessary that deliberations continue after midnight. As in *Henrioulle, supra,* any

---

[2]See footnote 1, *ante.*

[3]Code of Civil Procedure section 619 provides: "When the verdict is announced, if it is informal or insufficient, in not covering the issue submitted, it may be corrected by the jury under the advice of the Court, or the jury may be again sent out."

defect could have been cured with further deliberation; counsel's failure to request such action constituted waiver and it was error for the trial court to declare a mistrial.

Let a writ of mandate issue directing respondent court to vacate its order of March 26, 1980, case number 48804, declaring a mistrial, to enter judgment upon the verdict as returned by the jury, and thereafter to proceed as prescribed by law.

The petition for writ of prohibition is denied. (See *Heavy Duty Truck Leasing, Inc.* v. *Superior Court, supra*, 11 Cal.App.3d 116, 119.)

Zenovich, Acting P. J., and Conn, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.