[Civ. No. 141. Fifth Dist. Nov. 30, 1962.]

CLARENCE BETTENCOURT et al., Plaintiffs and Respondents, v. DIRECT TRANSPORTATION CO., INC. et al., Defendants and Appellants.

CLARENCE W. BETTENCOURT, Plaintiff and Respondent, v. LARRY LYLE PUTNAM et al., Defendants and Appellants.

(Consolidated Cases.)

McCormick, Barstow, Sheppard & Coyle and Hollis G. Best, for Defendants and Appellants.

Peckinpah, Fryer & Karr, Walkup & Downing, Stutsman, Nagel & Ferrari and Denver C. Peckinpah for Plaintiffs and Respondents.

STONE, J.—Defendants appeal from an order granting plaintiffs' motion for a new trial following a jury verdict for defendants. Plaintiffs' son, driving their Jeep station wagon, collided with defendants' truck and trailer loaded with shingles. The accident occurred at 8 p. m. April 15, 1959, on Highway 41 in Madera County. The locale is in the foothills or lower mountain area near the town of Oakhurst. At the point of impact the highway runs generally north and south. Defendants had stopped on the easterly side of the highway and were in the process of crossing the roadway from east to west at a southeasterly angle. It was dark at the time and the truck head and clearance lights were properly lighted. When the tractor had just reached the northbound lane, but with the trailer still at a slight angle and blocking the southbound lane, the boy rounded a curve, driving downhill in his

proper southbound lane, and struck the trailer. He was killed and the jeep was demolished.

Since the order granting a new trial did not mention insufficiency of the evidence, we must assume that the motion was not granted on that ground. (Code Civ. Proc., § 657; *Aced* v. *Hobbs-Sesack Plumbing Co.,* 55 Cal.2d 573, 577 [12 Cal.Rptr. 257, 360 P.2d 897].) Plaintiffs concede this to be the law, but they argue that errors of law occurred during the trial which justify the order.

First they contend that the court erred by not granting their motion to strike testimony of a California Highway Patrol Officer concerning deceased's opportunity to see the truck. The officer had made certain stopping tests at the scene of the accident, and after testifying concerning these tests, the following occurred:

"Mr. McCormick

"Q. Did you have any difficulty in seeing that area? A. Not at that time. I had no difficulty.

"Q. That is why you thought it was hard to realize why the driver of Vehicle 2 did not observe the danger, and put that in your report? A. That's what I have in my report, yes, sir.

"Mr. Walkup: We move that be stricken, your Honor. It is the officer's conclusion based on tests made at a different time and under different conditions than those prevailing at the time of the accident. Also this is a matter that it is up to the jury to determine from all the evidence."

The results of controlled experiments are admissible in evidence at the discretion of the trial court, provided the conditions at the time of the experiment are substantially similar to those obtaining at the time of the occurrence under dispute. (*Odell* v. *Frueh,* 146 Cal.App.2d 504, 511 [304 P.2d 45, 76 A.L.R.2d 345] ; *Buratti* v. *Phetteplace,* 196 Cal.App.2d 303 [16 Cal.Rptr. 500] ; *Taylor* v. *Pacific Container Co.,* 148 Cal.App.2d 505, 513 [306 P.2d 1049].)

The conditions surrounding the happening of the accident and the conditions under which the tests were conducted by the officer were sufficiently similar to warrant the officer's testimony concerning stopping distances. However, we question the similarity of conditions as to visibility. The officer's test was not conducted with the tractor part of a truck in the northbound lane with the headlights shining forward in the position of a vehicle northbound, while at the same time the trailer section of the truck angled across the south-

bound lane. Whether or not the headlights of the tractor obscured the visibility of the clearance lights or whether they might have been so misleading as to divert the driver's attention from clearance lights on the trailer, are questions of fact which the officer was in no position to determine without observing the truck, the trailer and the lights. We believe plaintiffs' counsel properly moved to have the answer stricken, and that whether the boy should have seen, or even could have seen the trailer was a question of fact for the jury to determine from all of the evidence.

The prejudicial effect of the officer's opinion-evidence was aggravated by giving the much criticised BAJI 140 instruction on "looking and not seeing." (See *Abney* v. *Coalwell,* 200 Cal.App.2d 892, 899 [19 Cal.Rptr. 846], and authorities cited therein.) The court also gave two variations of the same instruction, which were even more vulnerable than BAJI 140. For example, the jury was instructed that:

"You are instructed that the law *presumes* that a person possessing normal faculties of sight must have seen that which was ahead of him and plainly in the range of his sight and that absentmindedness or forgetfulness is not an excuse for the negligence of a person in failing to see that which was in plain sight." (Emphasis added.)

As was pointed out in *Cucuk* v. *Payne,* 140 Cal.App.2d 881 [296 P.2d 7], at page 890, there is no such presumption. Furthermore, defendants withdrew the three questionable instructions before argument but the court gave all of them on its own motion. This, contend plaintiffs, was unexpected, they were taken by surprise and for that reason were unable to submit a qualifying instruction such as BAJI 140.1.

 Whether the combined effect of admitting in evidence the officer's opinion based upon an inadequate experiment, together with giving three "failure to look and failure to see" instructions after they had been withdrawn by defendants and without notice to plaintiffs, warranted a new trial was a matter peculiarly within the discretion of the trial court. (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 744 [306 P.2d 432].) The principle here applicable was stated by Chief Justice Gibson in *Shaw* v. *Pacific Greyhound Lines,* 50 Cal.2d 153 [323 P.2d 391], at page 159, as follows:

"It has also been said that the power of the judge to do justice by ordering a new trial is not impaired even though the moving party is technically estopped to claim error or has

waived his right to complain. [Citations.] Of particular significance here is the statement made in a recent decision which sustained an order granting a new trial: 'If the challenged instruction was erroneous in any degree, or even if it is only "fairly debatable" that such instruction may have been misleading, the broad discretion of the trial court may not be disturbed. . . .' [Citations.]''

The order granting motion for new trial is affirmed.

Conley, P. J., and Brown, J., concurred.