[Civ. No. 36695. Second Dist., Div. One. Sept. 4, 1970.]

HEAVY DUTY TRUCK LEASING, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY et al.,
Respondents;
ORLO M. TYLER et al., Real Parties in Interest.

---

---

## COUNSEL

Harold Q. Longenecker and Jean Wunderlich for Petitioner.

No appearance for Respondent.

Morgan, Wenzel, Lynberg & McNicholas, John P. McNicholas and Bernard A. Newell, Jr., for Real Parties in Interest.

---

## OPINION

**WELLS, J.**[*]—This is a petition for writ of mandate and writ of prohibition to respondent court to vacate its order declaring a mistrial and order respondent clerk to enter judgment on the jury verdict; to respondent clerk to enter such judgment; and prohibiting retrial. We herein grant a writ of mandate vacating said order and ordering judgment on said verdict.

Real parties in interest Orlo M. and Fay Tyler, husband and wife, sued petitioner and other defendants in respondent Los Angeles Superior Court claiming damages from an accident between a car driven by Orlo and a 1960 truck owned by petitioner and other named defendants. The complaint alleged that the accident was caused by the negligent parking of the truck by the owners' agent, who was operating it with their consent. Plaintiff Orlo sought damages for personal injuries, plaintiff Fay for the loss of Orlo's services and assistance, and both plaintiffs for the damages to their car. Petitioner's answer admitted ownership of a 1961 tractor, and denied the rest.

A jury trial was held in respondent court, at the conclusion of which the jury returned a single verdict "for the defendant, HEAVY DUTY TRUCK LEASING, INC., and against the plaintiff, ORLO M. TYLER." The jury was unable to agree on any other verdicts. The court filed the verdict and entered it in a minute order, but refused to render a judgment, or to order the clerk to enter judgment, in conformity with the verdict; and instead declared a mistrial as to petitioner as well as all other parties, and set the case for retrial as to all parties.

---

[*]Assigned by the Chairman of the Judicial Council.

In declaring the mistrial, the court stated: "I feel [a judgment for petitioner] . . . would be an improper judgment and an inconsistent judgment. . . . I feel that it is an incorrect verdict, particularly in view of the cases of *Financial Indem. Co.* v. *Hertz Corp.*, 226 Cal.App.2d 689 [38 Cal.Rptr. 249], and *Peterson* v. *Grieger*, . . . 57 Cal.2d 43 [17 Cal.Rptr. 828, 367 P.2d 420]." ■ The reliance on the latter two cases suggests that the court declared the mistrial as to petitioner on the ground that the evidence was insufficient to justify the verdict. This is not a ground for mistrial but for a motion for new trial. (Code Civ. Proc., § 657, subd. 6; 3 Witkin, Cal. Procedure (1st ed. 1954), Attack on Judgment in Trial Court, § 24, p. 2072.) ■ The fact that the jury returned a verdict as to one plaintiff and one defendant, but was unable to agree as to any others, of course, does not preclude entry of judgment on the one verdict where defendants are sued, as here, as joint tortfeasors (2 Witkin, Cal. Procedure (1st ed. 1954) Trial, §§ 86, 88, pp. 1816, 1817-1818.)

■ The order declaring a mistrial is not appealable (*Estate of Bartholomae* (1968) 261 Cal.App.2d 839 [68 Cal.Rptr. 332]; *Reimer* v. *Firpo* (1949) 94 Cal.App.2d 798 [212 P.2d 23]), while an order granting a new trial is. (Code Civ. Proc., § 657.)

■ Real parties in interest contend that the court could have granted a motion for a new trial and thereby achieved the same result; that the trial court "took a short cut"; and that the erroneous procedure was not prejudicial. But although it may be inferred from the court's citations that the mistrial was granted on the ground of insufficiency of the evidence, the order here was not specific enough to comply with the requirements of Code of Civil Procedure section 657 for a new trial order, either as to statement of grounds (*Bettencourt* v. *Direct Transp. Co.* (1962) 210 Cal.App.2d 405 [26 Cal.Rptr. 623]), or specification of reasons. (*Mercer* v. *Perez* (1968) 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315]; *Higson* v. *Montgomery Ward & Co.* (1968) 263 Cal.App.2d 333 [69 Cal.Rptr. 497].) Under such circumstances, it would be an evasion of section 657 to substitute the mistrial order for a proper new trial order. Nor can we presume that the court could or would have complied with all of the requirements of section 657 on a specific motion for new trial. (See *Mercer* v. *Perez, supra,* 68 Cal.2d 104, 112-113.)

■ Petitioner asks that the writ here prohibit retrial, but that cannot be done in view of the possibility that a new trial may be granted. To the extent the petition prays for a peremptory writ prohibiting respondent court from proceeding with a retrial as far as petitioner is concerned, the petition is denied and the alternative writ discharged.

Let the peremptory writ of mandate issue ordering respondent court to

vacate its order of April 16, 1970, in case number NE C 3966 to the extent only that said order declares a mistrial as to petitioner, and to order respondent clerk to enter judgment on the jury verdict therein in favor of petitioner; and ordering respondent clerk to enter said judgment.

Lillie, Acting P. J., and Thompson, J., concurred.