Filed 11/22/13

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re the Marriage of GREGORY J. and MARCELA BIANCO. | |
| | D062061 |
| GREGORY J. BIANCO, | |
| Respondent, | (Super. Ct. No. D520702) |
| v. | |
| MARCELA BIANCO, | |
| Respondent; | |
| WINIFRED WHITAKER, | |
| Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, William H. McAdam, Judge, and Edlene C. McKenzie, Commissioner.  Reversed.


Law Office of Carolyn Chapman and Carolyn Chapman for Appellant Winifred Whitaker.

Linda Cianciolo for Respondent Gregory Bianco.

INTRODUCTION

Attorney Winifred Whitaker appeals from February and March 2012 orders jointly and severally sanctioning her $43,000 under rule 2.30(b) of the California Rules of Court (rule 2.30(b)) for violating the California State Bar Rules of Professional Conduct by negligently hiring an attorney ineligible to practice law to assist her in representing wife in a dissolution trial.[1]  Whitaker contends the court abused its discretion in sanctioning her because:  (1) it is unclear from the record whether husband sought sanctions under rule 2.30(b); (2) the court based the orders on an erroneous finding Whitaker had committed an ethical violation; (3) Whitaker demonstrated good cause for the court not to sanction her; (4) the court failed to consider the burden on Whitaker before imposing the sanctions jointly and severally; and (5) the sanctions order included amounts not authorized by rule 2.30(b).

We requested and received supplemental briefing on the foundational issue of whether rule 2.30(b) authorized the court to impose sanctions for a violation of the Rules of Professional Conduct in a family law proceeding.  We conclude rule 2.30(b) did not authorize the sanctions and, consequently, we reverse the court's orders.[2]

---

[1]  Whitaker also appeals from an August 2011 order granting a mistrial.  This order is not appealable.  (Code Civ. Proc., § 904.1; *Juarez v. Superior Court* (1982) 31 Cal.3d 759, 765; *Heavy Duty Truck Leasing, Inc. v. Superior Court* (1970) 11 Cal.App.3d 116, 119.)  Even if the order were appealable, the appeal is untimely as Whitaker filed the notice of appeal more than 180 days after the court entered the order in its minutes.  (Cal. Rules of Court, rule 8.104(a)(1)(C), (c)(2) & (e).)  Consequently, we decline to address any appellate issues related to the propriety of the mistrial order.

[2]  Given our disposition, we need not address Whitaker's requests for judicial notice.

BACKGROUND

Whitaker represented wife in dissolution proceedings. Whitaker engaged attorney Thomas W. Smith to act as her cocounsel at trial and he so acted even though he was ineligible to practice law at the time because of failing to comply with mandatory continuing legal education requirements. On the last day of the trial, the court learned of Smith's ineligibility. The court declared a mistrial and invited husband to bring a sanctions motion.

Husband subsequently moved for sanctions under Family Code section 271 (section 271) and rule 2.30(b) for Whitaker's violation of rules 1-300 and 1-311 of the Rules of Professional Conduct.[3] The court denied the motion under section 271, but granted it under rule 2.30(b). At a later hearing, the court determined the amount of sanctions to be $43,000, which the court imposed jointly and severally on Whitaker and Smith.

DISCUSSION

Rule 2.30(b) provides in part: "In addition to any other sanctions permitted by law, the court may order a person . . . to pay reasonable monetary sanctions . . . for failure with good cause to comply with the applicable rules. For the purposes of this rule,

---

[3] Rules of Professional Conduct, rule 1-300(A) provides: "A member shall not aid any person . . . in the unauthorized practice of law." Rules of Professional Conduct, rule 1-311(B)(2) provides: "A member shall not employ, associate professionally with, or aid a person the member knows or reasonably should know is a[n] . . . involuntarily inactive member to perform the following on behalf of the member's client: [¶] . . . [¶] Appear on behalf of a client in any hearing or proceeding or before any judicial officer, arbitrator, mediator, court, public agency, referee, magistrate, commissioner, or hearing officer."

'person' means . . . a party's attorney . . . . If a failure to comply with an applicable rule is the responsibility of counsel and not of the party, any penalty must be imposed on counsel and must not adversely affect the party's cause of action or defense." Rule 2.30(b) applies to "the *rules in the California Rules of Court* relating to *general civil cases*, unlawful detainer cases, probate proceedings, civil proceedings in the appellate division of the superior court, and small claim cases." (Cal. Rules of Court, rule 2.30(a), italics added.)

Rule 2.30(b) does not apply in this case for two reasons. First, the Rules of Professional Conduct are not part of the California Rules of Court. They are part of the Rules of the State Bar of California.[4] (See Cal. Rules of Court, rule 1.4; Rules of State Bar, rule 1.5(H).) Second, this is not a general civil case. " 'General civil case' means all civil cases except . . . family law proceedings." (Cal. Rules of Court, rule 1.6(4).)

As rule 2.30(b) does not authorize sanctions for violations of the Rules of Professional Conduct nor does the rule apply in family law proceedings, the rule did not authorize the sanctions imposed in this case. We must, therefore, reverse the sanctions order.[5]

---

[4]     The California Rules of Court are adopted by the Judicial Council of California and, in some instances, the California Supreme Court. (Cal. Rules of Court, rule 1.3; Cal. Const., art. VI, § 6, subd. (d).) The Rules of Professional Conduct are adopted by the Board of Governors of the State Bar of California and approved by the California Supreme Court. (Rules Prof. Conduct, rule 1-100(A); Bus. & Prof. Code, § 6076.)

[5]     Effective January 1, 2013, after the conduct at issue in this case occurred, the Judicial Council of California adopted a new rule authorizing sanctions for violations of

## DISPOSITION

The court's orders jointly and severally sanctioning Winifred Whitaker and Thomas Smith $43,000 are reversed.  The parties are to bear their own appeal costs.

McCONNELL, P. J.

WE CONCUR:

NARES, J.

AARON, J.

---

court rules in actions or proceedings brought under the Family Code.  (Cal. Rules of Court, rule 5.14.)