[L.A. No. 31875. Aug. 27, 1984.]

EVELYNE ELIZABETH RESCH, Plaintiff and Appellant, v.
VOLKSWAGEN OF AMERICA, INC., et al.,
Defendants and Respondents.

 

**COUNSEL**

Lewis, D'Amato, Brisbois & Bisgaard, Roy M. Brisbois and Linda Hulse for Plaintiff and Appellant.

Herzfeld & Rubin, Martin S. Friedlander and Allan M. Rosenthal for Defendants and Respondents.

**OPINION**

**BROUSSARD, J.**—In this personal injury action, the jury returned special verdicts that there was no design defect in plaintiff's Volkswagen automobile, and that there was a manufacturing defect, but that the defect was not a substantial factor in bringing about the plaintiff's injuries. A poll of the jury revealed that all jurors agreed there was no design defect, that nine of the twelve found a manufacturing defect, but that ten of the twelve found that the defect was not a substantial factor in causing plaintiff's injuries.

The poll also disclosed that only seven of the ten jurors who found that the defect was not a substantial factor in causing the injuries had also found that there was a defect; the remaining three had concluded there was no defect. Plaintiff moved for a mistrial on the ground that the verdict was internally inconsistent because there were not nine identical jurors who found that there was a defect and that the defect was not a substantial factor in bringing about the injuries. The motion was denied, and plaintiff appealed from the ensuing judgment for the Volkswagen defendants.[1]

We have concluded that when a case is submitted to a jury for special verdicts, all jurors may participate in each special verdict and that the jurors who dissented from the special verdict on mechanical defect could properly vote on the special verdict determining that the defect was not a substantial factor in causing plaintiff's injuries.

Our state Constitution and statute provide that in civil cases three-fourths of the jury may render a verdict. (Art. I, § 16; Code Civ. Proc., § 618.) Section 618 provides: "When the jury, or three-fourths of them, have agreed upon a verdict, they must be conducted into court and the verdict rendered by their foreman. . . . Either party may require the jury to be polled, which is done by the court or clerk, asking each juror if it is his

---

[1]Pursuant to a stipulation entered before the verdicts, plaintiff recovered a judgment for $15,000 from the driver of another car. That amount represents the available insurance of the driver.

The special verdicts were returned as follows: "We the jury in the above entitled case, find the following Special Verdict on the issues submitted to us:. . .

"*Issue No. 1.* Was the defendant Shipps negligent?

"Answer 'Yes' or 'No'.

"Answer: Yes.

"If the answer to Issue No. 1 is 'No', go to Issue No. 3.

"If the answer to Issue No. 1 is 'Yes', answer the next issue.

"*Issue No. 2.* Was the defendant Shipps' negligence a proximate cause of the plaintiff's injury?

"Answer 'Yes' or 'No'.

"Answer: Yes.

"*Issue No. 3.* Was there a design defect in the 1967 Volkswagen automobile?

"Answer 'Yes' or 'No'.

"Answer: No.

"Also answer Issue No. 4.

"*Issue No. 4.* Was there a manufacturing defect in the 1967 Volkswagen automobile?

"Answer: 'Yes' or 'No'.

"Answer: Yes.

"If you have answered either Issue No. 3 or Issue No. 4 'Yes', answer the next issue.

"*Issue No. 5.* Was the defect a substantial factor in bringing about the plaintiff's injuries?

"Answer 'Yes' or 'No'.

"Answer: No.

"If you have answered 'Yes' to Issue No. 2 and/or Issue No. 5, answer the next issue.

"*Issue No. 6.* What is the amount of damages you award to the plaintiff?

"Answer: $4,200,000."

verdict. If upon such inquiry or polling, more than one-fourth of the jurors disagree thereto, the jury must be sent out again, but if no such disagreement be expressed, the verdict is complete and the jury discharged from the case."

Code of Civil Procedure section 624 provides: "The verdict of a jury is either general or special. A general verdict is that by which they pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant; a special verdict is that by which the jury finds the facts only, leaving the judgment to the Court. . . ." Section 625 permits the court also to direct the jury, if they render a general verdict, to find upon particular questions of fact.

Prior to the recent decisions in *Juarez* v. *Superior Court* (1982) 31 Cal.3d 759 [183 Cal.Rptr. 852, 647 P.2d 128], and *United Farm Workers of America* v. *Superior Court* (1980) 111 Cal.App.3d 1009 [169 Cal.Rptr. 94], it was settled that nine identical jurors had to agree on all elements of the ultimate verdict in a nonbifurcated trial. (*Earl* v. *Times-Mirror Co.* (1921) 185 Cal. 165, 182-186 [196 P. 57]; *Schoenbach* v. *Key System Transit Lines* (1959) 168 Cal.App.2d 302, 305 [335 P.2d 725]; *Nelson* v. *Superior Court* (1938) 26 Cal.App.2d 119, 123 [78 P.2d 1037]; *Balero* v. *Littell* (1932) 124 Cal.App. 190 [12 P.2d 41]; 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 269, pp. 3077-3078.)

Because all twelve jurors could continue to participate in deliberations after a finding in favor of one party on one of the issues (*Schoenbach* v. *Key System Transit Lines, supra,* 168 Cal.App.2d 302, 305; *Carlin* v. *Prickett* (1947) 81 Cal.App.2d 688, 693 [184 P.2d 945]), the identical-nine rule could have anomalous effects on juror participation in multiple-issue cases, where in order to obtain judgment one of the parties had to prevail on more than one issue while the other could obtain judgment by prevailing on a single issue. For example, in a negligence case under our former law where the plaintiff, to obtain judgment, was required to prevail on the issues of negligence and contributory negligence, nine identical jurors were required to vote in the plaintiff's favor on each of the issues, but nine jurors who found contributory negligence would justify a defense verdict even though only six of them also concluded that the defendant was negligent. (See *Balero* v. *Littell, supra,* 124 Cal.App. 190, 191 et seq.) The anomaly rested in the fact that once nine jurors with three dissenting found the defendant negligent, the votes of the three dissenting jurors who could participate in discussions on contributory negligence would not count if they voted for the plaintiff but would count if they voted for the defendant.

It should be pointed out that under the decisions prior to *Juarez* and *United Farm Workers of America* the trial court judgment in the instant case

would be affirmed. The requirement of consistency was that nine identical jurors had to agree on all elements of the ultimate verdict. (*Juarez* v. *Superior Court, supra,* 31 Cal.3d at p. 766.) Here, all jurors agreed that there was no design defect, and ten agreed that the manufacturing defect was not a substantial factor in bringing about plaintiff's injuries. Those special verdicts agreed to by ten identical jurors required an ultimate verdict for the Volkswagen defendants.

*United Farm Workers of America* and *Juarez,* which involved comparative negligence, rejected the rule that nine identical jurors had to agree on all elements of the ultimate verdict. The jury poll in *United Farm Workers of America* revealed that nine identical jurors did not find both plaintiff and defendant negligent and that only eight of the jurors agreeing to the allocation of liability had found plaintiff to be negligent. Relying on authorities from other jurisdictions, the court stated that, while to find liability the same nine jurors must find negligence and proximate cause, it was not required that nine identical jurors find both plaintiff and defendant negligent. The court pointed out that in California the parties initially are entitled to twelve jurors deliberating on each issue and that unless verdicts such as that returned were upheld, there would be substantial burdens on the administration of justice. (*United Farm Workers of America* v. *Superior Court, supra,* 111 Cal.App.3d at pp. 1018-1020.)

In *Juarez,* nine identical jurors agreed plaintiff, defendant and plaintiff's employer were negligent, and their negligence proximately caused plaintiff's injuries. The same nine also agreed on the total damages suffered by plaintiff, and although nine jurors agreed on the apportionment of damages, they were not the same nine who agreed on the other issues.

In concluding that the trial court should have entered judgment on the special verdicts, we reasoned: "As the New Mexico Court of Appeal stated in interpreting a statute similar to section 618: 'We believe that our holding that any ten jurors in New Mexico may agree on any issue in support of a verdict best assures attainment of the purpose of less-than-unanimous verdicts, namely, overcoming minor disagreements that resulted in "hung" juries under the unanimity requirement. [Citation.] At the same time one can hardly argue that the result is less fair since twelve jurors must still participate. [Citation.] Thus, without sacrificing the traditional notion of justice, our interpretation of the less than unanimity rule ensures less waste of judicial time.' (*Naumburg* v. *Wagner* (1970) 81 N.M. 242 [465 P.2d 521, 524].) Similarly, the Idaho Supreme Court described the 'identical nine' as a 'mechanistic' rule which needlessly increases the likelihood of costly mistrials without assuring consistency or fairness. (*Tillman* v. *Thom-*

*as* (1978) 99 Idaho 569 (585 P.2d 1280, 1283].)" (*Juarez* v. *Superior Court, supra,* 31 Cal.3d 759, 767-768.)

We rejected a claim that a vote by a juror against liability of a party is rationally inconsistent with a vote by the same juror apportioning liability to that party, stating that there was no reason why a dissenting juror could not accept the finding of three-fourths of the jurors that a party was negligent and participate in apportioning liability in accordance with that premise. We also rejected a claim that a juror who has voted against liability will be reluctant to assign fault to a party whom he has voted to be free of negligence resulting in a compromise or otherwise inappropriate verdict. It was pointed out that absent contrary evidence it cannot be assumed a juror will ignore his sworn duties, and that the proper assumption is that having been outvoted on an issue the juror will accept the outcome and " 'continue to deliberate with the other jurors honestly and conscientiously to decide the remaining issues.' [Citations.]" (*Id.,* at p. 768.)

*Juarez* was followed in *Phelps* v. *Superior Court* (1982) 136 Cal.App.3d 802, 808 [186 Cal.Rptr. 626], where of the nine jurors who found defendant's negligence proximately caused plaintiff's injuries only seven found plaintiff negligent and agreed to the finding of the apportionment of fault. The jury verdicts were upheld.

Plaintiff relies upon *Collin* v. *Connecticut Valley Arms, Inc.* (1982) 137 Cal.App.3d 815 [187 Cal.Rptr. 306] where ten jurors found that the defendant was negligent and nine that the negligence was not a proximate cause of the injury, but only seven concurred in both findings. Reversing a defense judgment, the court relied upon a statement in *United Farm Workers of America* v. *Superior Court, supra,* 111 Cal.App.3d 1009, 1019, that "to find liability, the same nine jurors who find negligence on the part of a party must also find that negligence to be a proximate cause of the injury. . . ." (After a citation to a Continuing Education of the Bar publication the sentence continues, "but, it is not required that nine identical jurors find both plaintiff and defendant negligent.")

*Collin* also pointed out that *Juarez* cited *United Farm Workers of America* with approval and in setting forth its holding (31 Cal.3d at p. 768) stated "if nine identical jurors agree that a party is negligent and that such negligence is the proximate cause of the other party's injuries, special verdicts apportioning damages are valid so long as they command the votes of *any* nine jurors." (Original italics.) (*Collin* v. *Connecticut Valley Arms, Inc., supra,* 137 Cal.App.3d at p. 819.) For a number of reasons the quoted language does not warrant our concluding that a special verdict determining

that plaintiff's negligence was *not* a proximate cause of the injuries must be rendered by the nine jurors who found negligence.

In both *Juarez* and *United Farm Workers of America* there were special verdicts finding negligence and proximate cause by nine identical jurors, and thus the courts were not directly concerned with the question whether to hold a party liable nine identical jurors had to agree on both negligence and proximate cause. In addition, the language of *Juarez* does not require such agreement.

Most importantly, the reasoning of *Juarez* requires the conclusion that a juror who dissented from a special verdict finding negligence should not be disqualified from fully participating in the jury's further deliberations, including the determination of proximate cause. The jury is to determine all questions submitted to it, and when the jury is composed of twelve persons, each should participate as to each verdict submitted to it. To hold that a juror may be disqualified by a special verdict on negligence from participation in the next special verdict would deny the parties of "the right to a jury of 12 persons deliberating on all issues." (31 Cal.3d at p. 768.) Permitting any nine jurors to arrive at each special verdict best serves the purpose of less-than-unanimous verdicts, overcoming minor disagreements and avoiding costly mistrials. (31 Cal.3d at pp. 767-768.) Once nine jurors have found a party negligent, dissenting jurors can accept the finding and participate in determining proximate cause just as they may participate in apportioning liability, and we may not assume that the dissenting jurors will violate their oaths to deliberate honestly and conscientiously on the proximate cause issue. (31 Cal.3d at p. 768.)

In addition, Code of Civil Procedure section 618 provides that the jury returning a verdict shall be sent back for further deliberations only when more than "one-fourth of the jurors disagree thereto"; there is no provision requiring the jury to deliberate further when one-fourth or less disagree with a special verdict.

*Collin* v. *Connecticut Valley Arms, Inc., supra,* 137 Cal.App.3d 815 and *United Farm Workers of America* v. *Superior Court, supra,* 111 Cal.App.3d 1009, 1119, are disapproved insofar as the former holds and the latter states that jurors who did not join in the negligence special verdict may not vote on the proximate cause special verdict.

The same reasons that persuade us that jurors who did not vote for the negligence special verdict may vote on the proximate cause special verdict require the conclusion that jurors who did not vote for a special verdict finding a defect may vote on the special verdict as to whether the defect

was a substantial factor in bringing about plaintiff's injuries. Accordingly, the special verdicts in the instant case, each concurred in by nine or more jurors, were proper.

The judgment is affirmed.

Mosk, J., Kaus, J., Reynoso, J., Grodin, J., and Lucas, J., concurred.

**BIRD, C. J.**—I respectfully dissent. Justice Gene McClosky of the Second Appellate District wrote a most persuasive decision which I reprint and adopt as my own:

"Plaintiff's sole contention on appeal is that the verdict for V.W. was invalid because it did not represent the verdict of nine jurors voting identically on the issues of manufacturing defect and causation.[3]

In *Collin* v. *Connecticut Valley Arms, Inc.* (1982) 137 Cal.App.3d 815 [187 Cal.Rptr. 306], (petn. for hg. den. Jan. 27, 1983) this court was presented with a similar set of facts and asked to resolve a similar issue.[4] Collin, who was severely injured when a shotgun he was shooting exploded, brought a personal injury action for damages against Connecticut Valley Arms, Inc. (CVA), the manufacturer of the shotgun, and others. The case was submitted to the jury by way of a special verdict.

By a vote of 11 to 1, the jury found that there was no defect and thus found that CVA was not strictly liable. On the issues of CVA's negligence and causation, 10 out of 12 jurors found that CVA was negligent, but 9 out of 12 jurors found that CVA's negligence was not a proximate cause of Collin's injuries. Only seven jurors, however, voted in an identical pattern on the issues of negligence and causation (i.e., 'yes-no' respectively). The voting pattern of the *Collin* jury in relevant part was as follows:

---

[3]We reject as meritless V.W.'s contention that plaintiff waived any objection to the verdict by her failure to request a specific jury instruction that nine or more jurors had to vote identically on the issues of defect and causation to return a verdict for defendants and by her failure to object to the instruction given that in order to return a verdict for plaintiff the same nine jurors would have to concur as to each issue necessary to establish liability. (On this latter point, see Code Civ. Proc., § 647.)

[4]We also reject as meritless, V.W.'s contention that *Collin* is distinguishable and, therefore, inapplicable. We find no meaningful distinction between *Collin* and the present case. Nor do we consider the Supreme Court's denial of Collin's petition for a hearing to be a positive approval of the *Collin* decision. (See *People* v. *Triggs* (1973) 8 Cal.3d 884, 890-891 [106 Cal.Rptr. 408, 506 P.2d 232], disapproved in part on other grounds in *People* v. *Lilienthal* (1978) 22 Cal.3d 891, 896, fn. 4 [150 Cal.Rptr. 910, 587 P.2d 706].)

SPECIAL VERDICT ISSUE JUROR NUMBER (Y=yes; N=no)

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11. Were any of the defendants negligent? CVA? | Y | Y | Y | Y | N | N | Y | Y | Y | Y | Y | Y |
| 12. Was the negligence of such defendant(s) a proximate cause of injury to plaintiff? CVA? | N | Y | N | N | N | N | Y | N | N | N | Y | N |

Judgment was entered against plaintiff Collin in favor of defendant CVA, and Collin appealed. He contended that no verdict had been reached since nine identical jurors did not agree on the negligence and causation answers as required by BAJI No. 15.51,[5] which the trial courts gave to the juries in the *Collin* case and in the case before us. (In the case before us, the trial judge used the word 'presiding officer' instead of 'foreman,' and the word 'courtroom' instead of 'room,' omitting the words 'you shall.')

Relying on *Juarez* v. *Superior Court* (1982) 31 Cal.3d 759 [183 Cal.Rptr. 852, 647 P.2d 128], and *United Farm Workers of America* v. *Superior Court* (1980) 111 Cal.App.3d 1009 [169 Cal.Rptr. 94], this court agreed with Collin's contention and concluded 'that no verdict was reached here because the same nine jurors did not agree on the questions of negligence and proximate cause.' (*Collin* v. *Connecticut Valley Arms, Inc.*, supra, 137 Cal.App.3d at p. 819.) Having so concluded, we reversed the judgment and remanded the case.

Unlike *Collin* or the case at bench, *Juarez* and *United Farm Workers* were comparative negligence cases. As we noted in *Phelps* v. *Superior Court* (1982) 136 Cal.App.3d 802, 805, 808 [186 Cal.Rptr. 626], *Juarez* announced an exception to the general rule of *Earl* v. *Times-Mirror Co.* (1921) 185 Cal. 165, 182-186 [196 P. 75], a precomparative negligence case, that in a nonbifurcated trial nine identical jurors had to agree on all elements necessary to the ultimate verdict. That exception was stated by our Supreme Court as follows: '[*i*]*f nine identical jurors agree that a party is negligent and that such negligence is the proximate cause of the other party's injuries,* special verdicts apportioning damages are valid so long as they command the votes of *any* nine jurors.' (*Juarez* v. *Superior Court, supra,* 31 Cal.3d at p. 768, first italics added.)

---

[5]At those times BAJI No. 15.51 was entitled 'CONCLUDING INSTRUCTION—SPECIAL VERDICT' and in pertinent part provided: 'As soon as 9 or more identical jurors have agreed upon each answer required by such directions on the special verdict form, so that each of those 9 or more may be able to state truthfully that every answer is his or hers, you shall have such verdict signed and dated by your foreman and you shall return with it to this room.'

The *Juarez* court also referred with approval to the *United Farm Workers* case wherein the Court of Appeal held 'that *to find liability,* the same nine jurors who find negligence on the part of a party must also find that negligence to be a proximate cause of the injury [citation], but, it is not required that nine identical jurors find both plaintiff and defendant negligent. Jurors not concurring in a finding agreed to by three-fourths of the jury are not told to discontinue participating, drop out of negotiations, leave the room, not listen, or refrain from speaking during discussions.' (*United Farm Workers of America* v. *Superior Court, supra,* 111 Cal.App.3d at p. 1019; italics added.)

The holdings in *Juarez* and *United Farm Workers* contain a general principle applicable in all personal injury cases wherein a special verdict is utilized and only three-fourths of the jury need concur to reach a verdict. (Cal. Const., art. I, § 16; Code Civ. Proc., § 618.)[6] To return a verdict in favor of a party who has the burden of proving liability at least nine identical jurors must answer each of the questions addressed to the jury in the special verdict in such a manner that indicates that those identical nine have found the existence of all of the elements necessary to establish liability. Whether, after *Juarez,* the same nine jurors who find liability must also agree on the amount of damages in a nonbifurcated noncomparative negligence case as required by *Earl* is a question we need not, and do not decide. Accordingly, we omit any discussion of damages and discuss only the negligence or defect and causation elements necessary for a verdict of liability.

V.W. asks us to reject our reasoning in *Collin.* It contends that we 'misinterpreted prior case law holding that in order to establish *liability,* the same nine jurors must concur in special verdicts to support a judgment in favor of the plaintiff.' It urges that: 'These cases do not require the same result in the context of a defense verdict, and to blindly apply the language of prior case holdings without regard to the differing burdens of proof was error. While rational consistency may require the concurrence of nine identical jurors in order to hold a party liable, the same principles clearly do not apply where a defendant bears no burden of proof on the dispositive issue and the jury finds in the defendant's favor because the plaintiff has failed to establish all the elements of his cause of action.'

If nine jurors find negligence or defect, and a different combination of nine jurors find causation, *Earl* and *Juarez* require us to conclude that a

---

[6]Article I, section 16 of the California Constitution in pertinent part provides that '[t]rial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. . . .'

Code of Civil Procedure section 618 provides: 'When the jury, or three-fourths of them, have agreed upon a verdict, they must be conducted into court and the verdict rendered by their foreman. . . .'

plaintiff asserting a defendant's liability has failed to prove it. Obedient to *Earl, Juarez, Collin,* article I, section 16 of the California Constitution, and Code of Civil Procedure section 618, we also hold that at least nine identical jurors must vote in the consistent voting pattern in order for their answers to constitute a special verdict and thereby establish the nonliability of a defendant.

The determination of which party has the burden of proof as to certain issues is of vital importance in the jury's determination of those issues. Once they have been determined, however, which party has the burden of proof is no longer of any moment for the purpose of determining whether the jury has reached a verdict. The only question then remaining is whether the answers to the questions posed amount to a rationally consistent vote of nine identical jurors on the questions of negligence or defect and causation. If they do, they result in a special verdict, otherwise, as here, they do not.

In the case at bench as only seven jurors answered identically to the necessary element or issue questions, we conclude that the jury did not reach the single requisite special verdict complete as to the liability issues. We therefore conclude that the trial court erroneously denied plaintiff's motion for a mistrial.

There is some appeal to the proposition that since 10 jurors voted that there was no causation, and since causation is 1 of the elements requisite to a finding of liability, it logically follows that the special verdict reached here logically required the entry of a judgment for the defendant.

The answer to that proposition is that given by Justice Oliver Wendell Holmes, Jr., in The Common Law (1881) that 'The life of the law has not been logic: it has been experience.' *Earl, Juarez, Collin,* article I, section 16 of the California Constitution, and section 618 of the Code of Civil Procedure, however, compel the result we reach here. If that law is to be changed, it is for the Legislature to do so, not this court.''