Filed 2/15/22  Andrews v. Marcum CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LESLIE A. ANDREWS et al.,<br><br>    Plaintiffs, Cross-defendants and Respondents,<br><br>        v.<br><br>MARCUM LLP, et al.,<br><br>    Defendants, Cross-complainants and Appellants. | G059222<br><br>(Super. Ct. No. 30-2016-00830847)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Robert J. Moss, Judge.  Affirmed.

Lewis Brisbois Bisgaard & Smith and Roy G. Weatherup; Zukerman Gore Brandeis & Crossman and Frank C. Welzer; Hamilton Law Offices and John M. Hamilton for Defendants and Appellants.

Manatt, Phelps & Phillips, Kenneth B. Julian and Benjamin G. Shatz; Law Offices of Sherri S. Shafizadeh and Sherri S. Shafizadeh for Plaintiffs and Respondents.

This is an appeal from an order granting a new trial following a jury verdict in favor of defendants Marcum LLP and Stan Lam (the accountants) and, cross-complainant, Marcum LLP. Plaintiff and respondent Leslie A. Andrews (Andrews) filed the underlying complaint against the accountants alleging a number of causes of action generally sounding in breach of fiduciary duty and fraudulent concealment. Marcum LLP filed a cross-complaint for fees owed under the accounting contract. The matter proceeded to a jury trial, and the jury returned general verdicts finding in favor of the accountants on the complaint and in favor of Marcum LLP on the cross-complaint.

Afterward, Andrews filed a motion for new trial on the ground of juror misconduct. Andrews presented declarations from four jurors supporting two grounds for a new trial. First, a juror who dominated the deliberations said words to the effect of, "I have a lot of experience in contracts," and "I have an education in legal contracts." Second, the jury decided the accountants' breach of contract claim but then signed both general verdict forms (corresponding to the complaint and cross complaint) without deliberating on Andrews' claim for breach of fiduciary duty. The accountants opposed the motion but did not present any juror declarations of their own. The trial court agreed with Andrews on both grounds and granted the motion for new trial.

We affirm. We must defer to the trial court's factual findings and as a result the lower court's finding that the jury failed to deliberate on an entire cause of action supports the new trial order.

# FACTS

Andrews filed the underlying complaint alleging 12 causes of action, though only three survived for trial: financial abuse of a dependent adult, breach of fiduciary duty, and fraud. Marcum LLP filed a cross-complaint for breach of contract and common counts against Andrews and various entities that she controls.[1]

Trial began on January 29, 2020, and finished on March 4, 2020, resulting in a 10-volume reporter's transcript spanning over 2,000 pages. Appellants have provided us with a short, one-sided summary of the evidence at trial, and respondents have not bothered to summarize the trial evidence at all. Additionally, the trial incorporated dozens of documentary exhibits, none of which are in our record. In light of the state of the record, and the briefing on appeal, our focus is necessarily on the evidence submitted in connection with the posttrial motion. To briefly summarize the parties' positions at trial, the accountants contended the evidence showed that the financial records of Andrews and the entities she controlled were complex and in disarray, resulting in large bills for accounting work that Andrews ultimately refused to pay. Andrews contended the evidence showed that the accountants grossly overbilled for the work they performed, lied about the reasons for the high bills, and billed Andrews for work outside the scope of the accounting contract.

The jury returned general verdicts in favor of the accountants on the complaint by a vote of nine-three, and on the cross-complaint by a vote of 10-two. The verdicts simply stated, "We the jury find in favor of the defendants Stan Lam and Marcum LLP on the complaint," and "We the jury find in favor of the cross-complainant

---

[1] Those entities include: Andrews Marital Trust; Andrews Exemption Trust; Mary G. Andrews Trust; Andrews Development Co.; Mark Barkley & Associates; Tustin Construction Co., Inc.; Bunya-Bunya, LLC; J.A. Andrews Co.; Laurel Homes Associates; North Coast Associates; and Sunset Ranch, Ltd.

Marcum LLP on the cross-complaint and award damages against Leslie A. Andrews in the amount of $4,347.44 and against the Andrews entities in the amount of $105,643.87."

Afterward, Andrews and her entities moved for a new trial on the ground of juror misconduct. In connection with the motion, Andrews submitted four juror declarations. Although the four declarations had some minor variations, they essentially communicated the same facts. One of the jurors, whose declaration is representative of the other three, declared, "During deliberation, one of the jurors (Robert) said 'I have a lot of experience in contracts,' and that 'I have an education in legal contracts,' or words to that effect. He also said he was a businessman. [¶] The jury voted 9-3 before deliberating on breach of fiduciary duty, and did not deliberate on this claim."

The accountants opposed the motion and interposed objections to the juror declarations, but they presented no counter declarations from other jurors.

The court ultimately granted the motion for new trial, stating, "It is with great reluctance that I grant the motion for new trial after all the work that everybody put into it. But I think I got to play the cards, not the money, as they say in poker, and I think there was misconduct by juror [Robert]. And he wasn't supposed to talk about his special knowledge in contract law. He did. I think there is a presumption of prejudice. And there was no declaration from other jurors who contradicted what the plaintiff submitted, but that's no real rebuttal of that presumption. And I think there was evidence in the form of the declarations from plaintiff that there was no deliberation on the fiduciary duty count. [¶] And I think both of which tell me to reluctantly grant the motion for new trial."

The accountants appealed.

4

DISCUSSION

1. Standard of Review

Code of Civil Procedure section 657 permits a trial court to order a new trial on the ground of "[m]isconduct of the jury." (*Id.*, subd. (2).) "When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated." (*Id.*, subd. (7).) This statute requires the court to *both* specify the statutory ground for the ruling (i.e., misconduct of the jury) and the reasons for that ruling — i.e., why the evidence supports a ruling on that ground. "When the trial court provides a statement of reasons as required by section 657, the appropriate standard of judicial review is one that defers to the trial court's resolution of conflicts in the evidence and inquires only whether the court's decision was an abuse of discretion." (*Oakland Raiders v. National Football League* (2007) 41 Cal.4th 624, 636.) On the other hand, where a trial court does not issue a statement of reasons that complies with section 657, "the effect . . . is to shift the burden of persuasion to the party seeking to uphold the trial court's order." (*Oakland Raiders*, at p. 641.) A threshold question in this appeal, therefore, is whether the court issued a compliant statement of reasons.

A statement of reasons "will be sufficient if the judge who grants a new trial furnishes a concise but clear statement of the reasons why he finds one or more of the grounds of the motion to be applicable to the case before him." (*Mercer v. Perez* (1968) 68 Cal.2d 104, 115.) Although "[n]o hard and fast rule can be laid down as to the content of such a specification" (*ibid.*), the statement must be sufficiently specific to facilitate meaningful appellate review (*id.* at p. 113).

We conclude the court's minute order satisfied this requirement. The court's minute order granting a new trial said, "Motion granted, based upon juror misconduct." That statement satisfies the court's duty to specify the statutory ground for

5

the order. The court then specified two reasons for the ruling: "Plaintiffs' evidence establishes that juror 'Robert' stated to the other jurors that he had a lot of experience with contracts, and that he had specific education in contracts. [Citations.] This evidence establishes that juror 'Robert' advised the other jurors that he had '. . . special personal knowledge or experience . . .' as to the issues to be deliberated by the jury." The court went on to specify another reason: "Refusal to deliberate also constitutes jury misconduct. [Citation.] Plaintiffs present evidence establishing that the entire jury failed or refused to deliberate on Plaintiffs' cause of action for fiduciary duty."

The accountants contend this statement was inadequate, arguing, "To find that there was jury misconduct because one juror revealed his knowledge and experience with contracts in general, because a juror supposedly dominated deliberations, and because the jury did not deliberate sufficiently on the claim of breach of fiduciary duty, is to indulge in making determinations concerning ultimate facts, resting on nothing but inference and speculation."

The court's finding that "Robert" made statements about his experience to the jury, however, is plainly an evidentiary fact, not an ultimate fact. The finding that the jury failed to deliberate on an entire cause of action is likewise an evidentiary fact, though it leads inexorably to an ultimate fact. When the juror declarations say the jury entirely shirked its duty to resolve a cause of action, there is not much to say by way of evidentiary facts other than the jury did not deliberate on the cause of action. The court even specified the declarations it was relying on to reach these evidentiary facts. We fail to see how the court's order could have been any more specific. Accordingly, because the court issued a compliant statement of reasons, we will review the court's factual findings for substantial evidence, and its ultimate findings for abuse of discretion.

6

2. Evidentiary Objections

Before we address the merits of the new trial motion, we first consider the accountants' argument that the juror declarations were inadmissible under Evidence Code section 1150. That section provides, "Upon an inquiry as to the validity of a verdict, any otherwise admissible evidence may be received as to statements made, or conduct, conditions, or events occurring, either within or without the jury room, of such a character as is likely to have influenced the verdict improperly. No evidence is admissible to show the effect of such statement, conduct, condition, or event upon a juror either in influencing him to assent to or dissent from the verdict or concerning the mental processes by which it was determined." (*Id.*, subd. (a).)

The accountants' argument, which is largely underdeveloped in the opening brief, and completely ignored in their reply brief, rests almost entirely on *Sanchez-Corea v. Bank of America* (1985) 38 Cal.3d 892 (*Sanchez-Corea*). There, a jury returned a tort verdict against a bank. (*Id.* at pp. 897-898.) The bank successfully moved for a new trial on the ground of insufficiency of the evidence, but the trial court did *not* issue a proper statement of reasons. (*Id.* at p. 898.) As a result, the court's review was not deferential, but instead asked whether any of the grounds stated in the motion (other than sufficiency of the evidence or excessive damages) "legally requires a new trial." (*Id.* at p. 905.) In a brief analysis, the court considered the following claim of juror misconduct: "The Bank's remaining jury contentions center around a declaration claimed to invalidate the vote of one juror, Ms. Bonnell. Though when polled in open court, she voted for the general verdict for the [plaintiffs], and specifically for compensatory damages, she subsequently declared that no jury vote was taken on the Bank's liability and she did not agree to liability, but that she voted for damages as a compromise because she thought that liability had been decided and she felt pressured by her employer to return to work. The applicable rule is explained in *People v. Hutchinson* (1969) 71 Cal.2d 342 [citation], holding that Evidence Code section 1150 'prevents one juror from upsetting a verdict of

7

the whole jury by impugning his own or his fellow jurors' mental processes or reasons for assent or dissent. The only improper influences that may be proved under section 1150 to impeach a verdict, therefore, are those open to sight, hearing, and the other senses and thus subject to corroboration.' (*Ibid.* at p. 350.) Ms. Bonnell's declaration dealt only with jurors' mental processes and reasons for assent or dissent and was inadmissible for purposes of undermining the verdict." (*Id*. at pp. 909-910*).*)

Without any actual analysis, the accountants simply state, "The juror declarations offered in this case should have been excluded for the same reason as in *Sanchez-Corea*." We disagree. Whether a particular statement was made, and whether the jurors deliberated on an entire cause of action, is plainly open to sight and hearing and is thus admissible under Evidence Code section 1150. The court's focus in *Sanchez-Corea* was on "one juror" — Ms. Bonnell — and her *reasons* for voting in favor of the verdict. Those were inadmissible. No such evidence was presented in the juror declarations here. Moreover, because the court's review was not deferential, it was not compelled to accept Ms. Bonnell's claim that no vote was taken on the bank's liability. The trial court here, by contrast, was free to give the evidence that there was no deliberation on the fiduciary duty claim as much or as little weight as it deemed appropriate, and we are compelled to accept that determination. Accordingly, *Sanchez-Corea* did not compel the trial court to sustain objections to the juror declarations in this case.

3.  The Court's Order Was Supported by Substantial Evidence

Turning to the merits, we begin with the court's finding that the jury failed to deliberate. "A refusal to deliberate constitutes misconduct; the parties are entitled to the participation of all 12 jurors." (*Andrews v. County of Orange* (1982) 130 Cal.App.3d 944, 959, disapproved on other grounds by *People v. Nesler* (1997) 16 Cal.4th 561, 582 fn. 5.) "The jury is to determine all questions submitted to it . . . ." (*Resch v. Volkswagen of America, Inc.* (1984) 36 Cal.3d 676, 682; see *Juarez v. Superior Court* (1982) 31

8

Cal.3d 759, 768 [parties have "the right to a jury of 12 persons deliberating on all issues"].) The failure to deliberate on an entire cause of action is plainly misconduct.

The standard of review in this case dictates that we must defer to the court's factual finding that the jury failed to deliberate on the fiduciary duty cause of action.

The accountants' only response is that the failure was not prejudicial. Code of Civil Procedure, section 657 permits a new trial only where misconduct "materially affect[ed] the substantial rights" of the moving party. Consequently, a new trial may be granted only where there is misconduct that was prejudicial. (*Ovando v. County of Los Angeles* (2008) 159 Cal.App.4th 42, 57.) However, "'[a] showing of misconduct creates a presumption of prejudice . . . .' [Citation.] This presumption may be rebutted by "'an affirmative evidentiary showing that prejudice does not exist"' based upon a consideration of such factors as "'the strength of the evidence that misconduct occurred, the nature and seriousness of the misconduct, and the probability that actual prejudice may have ensued." [Citation.]' [Citation.] . . . [T]he Supreme Court has made clear that on review of an order granting a new trial, the standard of review with respect to prejudice is abuse of discretion. [Citation.] Further, '[s]ince the trial judge had all the evidence before him on the merits of the case, and as well the . . . affidavits, he [or she] was in the best position to evaluate the prejudicial effect of the alleged misconduct.'" (*Whitlock v. Foster Wheeler, LLC* (2008) 160 Cal.App.4th 149, 162.)

The accountants contend that any misconduct was not prejudicial because the jury's verdict on the contract claim (the cross-complaint) necessarily doomed the fiduciary duty claim: "If there was no overbilling, then there was no cause of action for breach of fiduciary duty. This claim thus failed.........Without damage, there is no cause of action in tort."

But this argument rests on two critical assumptions not supported by the record.

First: that if the jury had actually considered the fiduciary duty claim, and its attendant evidence, it would not have changed its mind on the contract claim. We simply do not know what a jury would have done had it properly considered all of the claims and evidence before it. In the give and take of deliberation, some jurors may well have changed their minds about the contract claim. Given the close votes on the general verdicts, this seems quite plausible. Accordingly, we cannot conclude that the contract verdict would have stood if the jury had considered all of the claims and evidence.

The second critical assumption is this: that the fees claimed in the contract claim were co-extensive with the allegedly overbilled hours. In other words, the accountants assume the damages awarded by the jury on the contract claim are inconsistent with awarding damages on the tort claims. But the accountants have not presented a record that would permit us to reach that conclusion, and it is not compelled as a matter of logic. We can imagine a plausible scenario where the jury would deem the fees sought by Marcum LLP in the cross-complaint as reasonable, but deem other fees actually paid by Andrews to be a violation of Lam's fiduciary duty. As a result, the jury could have both awarded damages to Marcum LLP on the cross-complaint *and* awarded damages to Andrews on the complaint. Accordingly, based on a review of the general verdict form, we cannot determine as a matter of law that the jury's actual verdict on the contract claim negated an element of the fiduciary duty claim. And since the accountants did not present any evidence (i.e., counter declarations) to rebut the presumption of prejudice, we conclude the court did not abuse its discretion in determining that the failure to deliberate on the fiduciary duty cause of action was prejudicial.

The other ground the court relied on in granting a new trial motion was juror "Robert" interjecting his experience with contracts into the jury's deliberation. The parties vigorously debate whether this was misconduct and, if so, whether it was prejudicial. "'It is not improper for a juror, regardless of his or her educational or employment background, to express an opinion on a technical subject, so long as the

10

opinion is based on the evidence at trial. Jurors' views of the evidence, moreover, are necessarily informed by their life experiences, including their education and professional work. A juror, however, should not discuss an opinion explicitly based on specialized information obtained from outside sources. Such injection of external information in the form of a juror's own claim to expertise or specialized knowledge of a matter at issue is misconduct.'" (*People v. Steele* (2002) 27 Cal.4th 1230, 1265.)

Whether "Robert's" comments satisfy this standard is a close call. Clearly, it was improper for him to be discussing his specialized experience. On the other hand, the terse juror declarations leave it open to debate whether "Robert" interjected a specific opinion or evidence outside the record or steered the deliberations in a particular direction. Ultimately, however, because the failure to deliberate on the fiduciary duty claim is a sufficient basis to uphold the new trial order, we need not resolve this issue. At minimum, "Robert's" comments partially corroborate the finding that the jury focused exclusively on the contract claim and not the tort claims.

Although the parties did not brief the issue, we also considered whether our holding should result in a complete new trial, or whether to order a partial new trial on the tort claims. The trial court considered this issue and concluded the claims were "inextricably intertwined" and thus ordered a complete new trial. Given the limited record and summary of facts we received, and the trial court's greater experience with the case, we will defer to the trial court's finding in this regard and affirm the court's order in its entirety.

DISPOSITION

The order is affirmed. Respondents shall recover their costs incurred on appeal.

MARKS, J.*

WE CONCUR:

O'LEARY, P. J.

GOETHALS, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.